UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
Northern Division

CONSUMER FINANCIAL PROTECTION BUREAU,

    Plaintiff,                                                                 Case No. 3:16-cv-356-WHB-JCG

v.

ALL AMERICAN CHECK CASHING, INC.;
MID-STATE FINANCE, INC.; and
MICHAEL E. GRAY, individually;

    Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR AN IN-PERSON CASE MANAGEMENT CONFERENCE**

COME NOW, the Defendants, All American Check Cashing, Inc., Mid-State Finance, Inc., and Michael E. Gray (collectively referred to as All American), by and through counsel of record, and submit this Memorandum of Law in support of their Motion for an In-person Case Management Conference. All American would respectfully show the Court:

**I. INTRODUCTION**

On May 11, 2016, the Consumer Financial Protection Bureau (the Government) filed suit against All American, alleging violation of federal statutes intended to prevent abusive, deceptive, and unfair financial practices. (Doc. 1). The Complaint, which contains 90 numbered paragraphs, attempts to paint a picture of intentional and endemic unfair practices, but fails to allege any concrete facts upon which the Government builds its case.

On May 31, 2016, All American filed its Motion for a More Definite Statement and Memorandum, pursuant to Fed. R. 12(e). (Doc. 10, 11). All American argued that the Complaint

1

is peppered with unsubstantiated allegations, and apparently obfuscated factual bases. As All American argued:

> The Government offers quotes from unnamed alleged consumers and alleged supervisors. (Doc. 1 at ¶¶ 23, 25). Without more, the Defendants cannot properly respond to the allegations. In the Complaint, the Government makes vague reference to documentary evidence without including any referenced documents, or indicating their source. (Doc. 1 at ¶28). Defendants cannot respond to documents they have not seen.

(Doc. 11 at 3). More importantly, the Complaint fails to name a single specific, instance of any illegal activity, or to identify any consumers who have allegedly been damaged or duped by any actions of All American. The Government disagrees with All American's position. It argues it its Response in Opposition that All American is not entitled to additional details at this stage of the litigation. (Doc. 14 at 7). The Government takes the position that discovery can function to cure the shortcomings of a complaint. *Id*. (citing *Wimsatt v. Fountainbleau Mgmt. Servs.*, 2010 WL 1108119 at *5 (N.D. Miss. Nov. 19, 2010)). In its Reply to the Government's Response in Opposition, All American strenuously argues that the Government misapplies *Wimsatt*, and other cases cited in the Response, leaving All American in the impossible situation of having to answer a Complaint that is wholly conclusory, and not factual. (Doc. 15 at 5-7). All American's Rule 12(e) Motion remains pending.

To date, All American's good faith attempts to gain more insight into the allegations it faces have been thwarted. On June 6, 2016, the parties conferred by telephone to discuss past settlement efforts. When asked for the factual basis for allegations made in the Complaint – facts needed to properly inform All American of its potential exposure, if any – All American was instructed by the Government's counsel that such information was not "the purpose" of the conference. All American renewed its efforts to determine the factual basis for the Complaint during the parties' June 15, 2016 required conference, in preparation for the Case Management

Conference with the Court. The telephonic conference, which was transcribed by a court reporter, yielded no more information that did the June 6, 2016 conference. The Government was unwilling or unable to provide All American any further foundation for its claims. More concerning, however, was the Government's unwillingness to provide All American the latitude it needs to properly form a defense. The Government, which indicates that its case would take at least five days to present, would only agree to an allowance of twenty (20) interrogatories and just ten (10) fact depositions. Considering the apparent breadth of the unsubstantiated of allegations in the Complaint, this is wholly inadequate.

The Government's intransigence in explaining its allegations is further illustrated by the history of its investigation to this point. The Government's discovery is largely complete, through its own administrative process. It has spent months gathering and reviewing hundreds of thousands of documents provided by All American. The Government has deposed key figures in its case, without the presence or participation of All American or its counsel. The extent of those depositions are not yet known to All American. The Government has also shared voluminous materials with the Mississippi Department of Banking and Consumer Finance, which has also conducted its own depositions and gathered sworn documents from undisclosed individuals. Thus, the Government's lack of cooperation can only be seen as a concerted effort to leave All American guessing, and in a severe disadvantage.

All American has concluded that justice and efficiency are best served by proactive participation by this Court. To that end, All American respectfully respects that this Court require that the parties appear in-person at the Case Management Conference, so that the Court can better ascertain and appreciate the relative positions of the parties, and be better equipped to efficiently guide this case to trial. That in-person conference could take place on July 7, 2016, the date already

set by the Court, or at some other date, in either Gulfport, Mississippi, or Jackson, Mississippi, as the Court sees fit.

## II.  ARGUMENT

This case promises to be complex.  Thousands of documents may become relevant.  Dozens of witnesses may be called.  The Government is likely to be seeking millions of dollars from All American.  Unfortunately, up to this point, the Government has not been forthcoming in providing All American information necessary to understand the Government's allegations, nor has the Government been cooperative in formulating the mechanics of discovery that could protect All American's rights.

The parties' June 15, 2016 Rule 12(f) Conference failed to achieve its goals.  Rule 12(f)(2) requires that, in conferring, the parties must consider the "nature and basic of [the] claims and defenses and the possibilities for promptly settling or resolving the case."  The Conference was, at best, perfunctory.  Again, the Government was not willing to provide All American any more information about the Government's claims than it has provided in the Complaint.  That Complaint is insufficient.  Thus, All American is not better informed about the case than it was when the Complaint was served on May 11, 2016.  All American is also left with little hope that it will ever fully be made aware of Government's factual basis.  The Government will only agree to allow All American twenty (25) interrogatories.  That number is far from sufficient.  The Complaint fails to identify a single individual that either gave information to the Government, or who claims any damages due to All American.  It is axiomatic that All American is entitled to request that information.  The Government will only agree to an allowance of ten (10) depositions.  Until the parties exchange Rule 26(a) disclosures, All American has no way of knowing the number of individuals that the Government will designate as having knowledge of this case.  Justice requires

4

that All American have the option of seeking discovery from each of those individuals. Doubtless, ten depositions will fall far short of what is needed. Intervention from this Court is necessary to focus the issues, and guide discovery.

Fed. R. Civ. P. 12(f)(2) allows this Court to order the parties to attend the Case Management Conference in person. Compromise and efficiency are always easier to achieve when parties are together, in the same room. It is hard to imagine significant progress when lawyers are scattered through two different time zones and three or four different cities. As the 1993 Comments to Rule 12(f) state, "[I]t is desirable that the parties' proposals regarding discovery be developed through a process **where they meet in person**, informally explore the nature and basis of the issues, and discuss how discovery can be conducted most efficiently and economically." (emphasis added). In this case, a telephonic conference appears insufficient. More direct supervision by the Court early in the process would doubtless simplify the process, and reduce discovery disagreements that, at present, appear unavoidable. All American is willing to make itself available on the date currently set by the Court in any city within the Southern District, or on a different date, as required by the Court.

The Case Management Conference will set the tone for what will be a long, complicated, and expensive process. The chances that the Case Management Conference will succeed in its goals are sufficiently enhanced by requiring the parties and their counsel to attend in person, and in good faith. Moreover, the ability of the parties to craft an effective and appropriate scheme for alternative dispute resolution and possible settlement is vastly improved by in-person, proactive participation by this Court. The Court should enter an order requiring personal attendance at the Case Management Conference in a location deemed appropriate by the Court.

### III.  CONCLUSION

The interests of justice and efficiency are best served by an in-person case management conference.  This Court should enter an order requiring the Government and All American to attend in person, at a place and time that the Court deems appropriate.

**DATED:  June 23, 2016**

      Respectfully Submitted,

 /s/ Peter D. Baskind
Peter D. Baskind, *pro hac vice* (TN 019962)
Robin H. Rasmussen   (MSB 104729)
DINKELSPIEL RASMUSSEN & MINK, PLLC
1669 Kirby Parkway, Suite 106
Memphis, TN 38120
Telephone:   (901) 754-7770
Facsimile:   (901) 756-7772
pbaskind@drmlawmemphis.com
rrasmussen@drmlawmemphis.com

Dale Danks, Jr. (MS 5789)
DANKS, MILLER & CORY
213 S. Lamar Street
P.O. Box 1759
Jackson, MS  39215-1759
Telephone:  (601) 957-3101
Facsimile:  (601) 957-3160
E-mail: ddanks@dmc-law.net

Bentley E. Conner (MS 6465)
164 E. Center Street
P.O. Box 563
Canton, MS 39046
Telephone:     (601) 859-6306
Facsimile:      (601) 589-6307
E-mail:  bentleyeconner@gmail.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served via the Court's ECF system on the following counsel of record on June 23, 2016:

Gregory K. Davis
United States Attorney
Southern District of Mississippi
501 E. Court Street, Suite 4.430
Jackson, MS 39201
gregory.davis3@usdoj.gov

Mitzi Dease Paige
Assistant United States Attorney
Chief, Civil Division
Southern District of Mississippi
501 E. Court Street, Suite 4.430
Jackson, MS 39201
mitzi.paige@usdoj.gov

Emily Mintz
Michael Favretto
Consumer Financial Protection Bureau
1700 G St. NW
Washington, D.C. 20522
emily.mintz@Government.gov
michael.favretto@Government.gov

/s/   Peter D. Baskind

K:\All American Check Cashing\Consumer Financial Protection Bureau\Pleadings\MOTION FOR IN PERSON RULE 12(f) Conf\Memo - In person 12(f).docx

7