**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**CONSUMER FINANCIAL PROTECTION BUREAU**            **PLAINTIFF**

**VS.**            **CIVIL ACTION NO. 3:16-cv-356-WHB-JCG**

**ALL AMERICAN CHECK CASHING, INC.;
MID-STATE FINANCE, INC.; and
MICHAEL E. GRAY, individually**            **DEFENDANTS**

---

**MEMORANDUM BRIEF SUPPORTING PLAINTIFF'S RESPONSE
IN OPPOSITION TO DEFENDANTS' MOTION FOR
AN IN-PERSON CASE MANAGEMENT CONFERENCE**

---

The Consumer Financial Protection Bureau ("Bureau") respectfully submits this opposition to Defendants' Motion for an In-Person Case Management Conference. Defendants' memorandum of law in support of its motion is riddled with mischaracterizations and erroneous citations, and Defendants fail to advance any credible argument as to why the Court should compel the parties to appear in person at the "Telephonic Case Management Conference." Defendants' demand contradicts the Court's Rule 16(a) Initial Order's specific contemplation of telephonic appearances and it defies common sense. The parties can address their disagreements about discovery – and any other matters that arise at the TCMC – effectively through a telephonic appearance, and there is no basis for concluding that an in-person appearance will make it more likely that the parties will resolve their disputes or present their positions to the Court any more effectively. In short, an in-person case management conference would

impose unnecessary costs without providing any benefit to the Court. For these reasons, the Court should deny Defendants' motion.

**BACKGROUND**

The Bureau filed its Complaint in the above-captioned action on May 11, 2016. On June 2, 2016, the Honorable John C. Gargiulo, United States Magistrate Judge, issued a Rule 16(a) Initial Order, setting the Telephonic Case Management Conference ("TCMC") for July 7, 2016 at 10:30 a.m.[1] The Rule 16(a) Order imposes a number of requirements on the parties, including conducting a Rule 26(f) conference "[n]o later than twenty one (21) days prior to the TCMC," and submitting a proposed case management order and a confidential memorandum to the Court "[n]o later than fourteen (14) days after the attorney conference."[2] Notably, the Rule 16(a) Order also states that the Court will require attendance in person at the case management conference of any party that fails to timely submit the proposed case management order and confidential memoranda.[3]

The parties conducted their Rule 26(f) teleconference on June 15, 2016. The call lasted over an hour, and the parties covered all required subjects set forth in Local Rule 26(f). During the conference, the parties discussed submitting a case management order to the Court. The parties disagreed about the number of discovery requests and depositions. Upon identifying this disagreement, counsel for Defendants stated that they believed an in-person case management conference was necessary to resolve the parties' disagreement. Attorneys for the Bureau, who are located in Washington, D.C., stated that they did not believe an in-person case management conference was necessary. Defendants followed up with their motion eight days later. On June 29, 2016,

---

[1] *See* Rule 16(a) Initial Order ("Rule 16(a) Order"), Dkt. No. 12.
[2] *Id.* at 1.
[3] *Id.* at 2.

the Bureau submitted its confidential memorandum and the parties submitted the proposed case management order. The parties also exchanged initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), on that same day.

**ARGUMENT**

There is no basis for Defendants' motion.

First, Defendants' request is not supported by the Court's Rule 16(a) Order or the applicable rules. While the Rule 16(a) Order contemplates in-person appearance of counsel under certain limited circumstances,[4] there is no indication, either express or implied, that disagreement regarding the scope of discovery – a common occurrence in Rule 26(f) conferences – is a ground for a party to demand in-person attendance of counsel at the initial court conference. Nor do the Federal Rules cited by Defendants support their argument. Federal Rule of Civil Procedure 26(f)(2)[5] grants courts discretion to order parties or attorneys to attend in person the Rule 26(f) conference between the parties, but does not speak to any subsequent court conference. Further, Defendants' reliance on the "1993 Comments to Rule 12(f)" regarding meeting of the parties is outdated and fails to disclose that the 2000 Amendment to Rule 26(f) changed the language from "meeting" to "conference" between the parties, recognizing that while "[t]here are important benefits to face-to-face discussion… [n]evertheless, geographic conditions… may exact costs far out of proportion to these benefits."[6]

Second, Defendants fail to set forth a persuasive basis for their demand that the parties appear in person before the Court at this stage in the litigation. Instead,

---

[4] *Id.* at 2.
[5] Defendants' motion and supporting memorandum of law cite to Fed. R. Civ. P. 12(f), which discusses motions to strike. The Bureau assumes Defendants intended to discuss the requirements of Fed. R. Civ. P. 26(f).
[6] Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendment, Subdivision (f).

Defendants make hyperbolic mischaracterizations of the parties' discussions to date. In fact, there is no basis for the Court to conclude that it cannot resolve the straightforward issues to be addressed at the TCMC if the parties appear telephonically. The parties conferred for more than an hour on June 15, 2016 and discussed all required elements of the Rule 26(f) conference. This included a discussion of the Bureau's perspective regarding the principal factual and legal issues in dispute, as well as the principal evidentiary bases for its claims. The parties methodically worked through a number of issues, including a multi-pronged discussion of electronically-stored information. The parties disagree on the volume of discovery necessary to prepare for trial in this matter. The Bureau stated its position that it requires additional discovery to prepare its case, and proposed reasonable limitations on discovery requests and depositions. Defendants stated that they need much more discovery. The parties can clearly represent their positions – and discuss any other matters that arise at the TCMC – via the telephone. As such, requiring the parties to appear in person would result in an unnecessary expenditure of resources without any corresponding benefit to the Court.

## CONCLUSION

For the foregoing reasons, the Bureau respectfully requests that the Court enter an order denying Defendants' Motion for an In-Person Case Management Conference. The Bureau is, of course, prepared to appear in person if the Court determines that an in-person case management conference is warranted.

Dated: June 29, 2016

Respectfully submitted,

CONSUMER FINANCIAL PROTECTION BUREAU

ANTHONY ALEXIS
Enforcement Director

CARA PETERSEN
Deputy Enforcement Director for Litigation

R. GABRIEL D. O'MALLEY
Assistant Litigation Deputy

　s/Emily Mintz
EMILY MINTZ (VA Bar No. 82437)
Phone: (202) 435-9424
E-mail: emily.mintz@cfpb.gov
MICHAEL FAVRETTO (NY Bar No. 4508727)
Phone: (202) 435-7785
E-mail: michael.favretto@cfpb.gov
Enforcement Attorneys
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Facsimile: (202) 435-7722


GREGORY K. DAVIS
United States Attorney
Southern District of Mississippi

MITZI DEASE PAIGE (MS Bar No. 6014)
Assistant United States Attorney
Chief, Civil Division
Southern District of Mississippi
501 E. Court Street, Suite 4.430
Jackson, MS 39201
Phone: (601) 965-4480
Direct: (601) 973-2840
Facsimile: (601) 965-4409
E-mail: mitzi.paige@usdoj.gov

# CERTIFICATE OF SERVICE

      I hereby certify that on June 29, 2016, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record, including the following:

Robin H. Rasmussen (MS 104729)
Dinkelspiel Rasmussen & Mink, PLLC
1669 Kirby Parkway, Suite 106
Memphis, TN 38120
Telephone: (901) 754-7770
Facsimile: (901) 756-7772
E-mail: rrasmussen@drmlawmemphis.com

Peter D. Baskind (TN 019962)
Dinkelspiel Rasmussen & Mink, PLLC
1669 Kirby Parkway, Suite 106
Memphis, TN 38120
Telephone: (901) 754-7770
Facsimile: (901) 756-7772
E-mail: pbaskind@drmlawmemphis.com

Dale Danks, Jr. (MS 5789)
Danks, Miller & Cory
P.O. Box 1759
Jackson, MS 39215-1759
Telephone: (601) 957-3101
Facsimile: (601) 957-3160
E-mail: ddanks@dmc-law.net

Bentley E. Conner (MS 6465)
P.O. Box 563
Canton, MS 39046
Telephone: (601) 859-6306
Facsimile: (601) 859-6307
E-mail: connerbentleye@bellsouth.net

  s/Emily Mintz
EMILY MINTZ (VA Bar No. 82437)
Phone: (202) 435-9424
E-mail: emily.mintz@cfpb.gov
Enforcement Attorney
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Facsimile: (202) 435-7722