### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**CONSUMER FINANCIAL PROTECTION BUREAU**                    **PLAINTIFF**

**VS.**                          **CIVIL ACTION NO. 3:16-cv-00356-WHB-JCG**

**ALL AMERICAN CHECK CASHING, INC.;**
**MID-STATE FINANCE, INC.; and**
**MICHAEL E. GRAY, individually**                           **DEFENDANTS**

---

### DECLARATION OF EMILY MINTZ
### PURSUANT TO 28 U.S.C. § 1746

---

I, Emily Mintz, declare and state as follows:

1.   I am an Enforcement Attorney for the Consumer Financial Protection Bureau ("Bureau" or "Plaintiff") and am counsel in the above-captioned matter. I submit this Declaration in support of the Bureau's First Motion to Compel Discovery Responses.

2.   Attached as **Exhibit 1** to this Declaration is a true and correct copy of the Good Faith Certificate, as required by Local Uniform Civil Rule 37(a), executed on November 15, 2016 by counsel for Plaintiff and counsel for Defendants.

3.   Attached as **Exhibit 2** to this Declaration is a true and correct copy of the Bureau's First Requests for Production of Documents, sent on July 26, 2016.

4.   Attached as **Exhibit 3** to this Declaration is a true and correct copy of the Defendants' September 7, 2016 Responses to the Bureau's First Requests for Production of Documents.

5.   Attached as **Exhibit 4** to this Declaration is a true and correct copy of the Defendants' September 15, 2016 Supplemental Responses to the Bureau's First Requests for Production of Documents.

6.   Attached as **Exhibit 5** to this Declaration is a true and correct copy of a September 22, 2016 e-mail from Plaintiff requesting a Meet and Confer with Defendants.

7.   Attached as **Exhibit 6** to this Declaration is a true and correct copy of an e-mail summarizing the October 13, 2016 Meet and Confer between the parties.

8.   Attached as **Exhibit 7** to this Declaration is a true and correct copy of an e-mail summarizing an October 26, 2016 phone call between the parties.

9.   Attached as **Exhibit 8** to this Declaration is a true and correct copy of Defendants' November 4, 2016 Second Supplemental Responses to the Bureau's First Requests for Production of Documents.

10. Attached as **Exhibit 9** to this Declaration is a true and correct copy of Defendants' November 4, 2016 letter to the Bureau.

11. Attached as **Exhibit 10** to this Declaration is a true and correct copy of an e-mail summarizing a November 7, 2016 phone call between the parties.

12. Attached as **Exhibit 11** to this Declaration is a true and correct copy of an October 20, 2016 e-mail with the Bureau's proposed search terms for e-mail production.

13. Attached as **Exhibit 12** to this Declaration is a true and correct copy of a November 10, 2016 e-mail with the Bureau's revised search terms for e-mail production.

14. Attached as **Exhibit 13** to this Declaration is a true and correct copy of a November 15, 2016 e-mail from the Bureau regarding a check cashing void report produced by Defendants.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 21 day of November, 2016.

_____
Emily Mintz

**Exhibit 1**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**CONSUMER FINANCIAL PROTECTION BUREAU**                    **PLAINTIFF**

**VS.**                        **CIVIL ACTION NO. 3:16-cv-00356-WHB-JCG**

**ALL AMERICAN CHECK CASHING, INC.;**
**MID-STATE FINANCE, INC.; and**
**MICHAEL E. GRAY, individually**                          **DEFENDANTS**

---

## GOOD FAITH CERTIFICATE

---

All counsel certify that they have conferred in good faith to resolve the issues in question and that it is necessary to file the following motion:

- Plaintiff's Motion to Compel

Counsel further certify that:

- The motion is opposed by all Defendants.

- Replies and rebuttals to the motion will be submitted to the Magistrate Judge in accordance with the time limitations stated in L.U.Civ.R. 7(b)(4).

This the 15 day of November 2016.

Respectfully submitted,

Emily Mintz (VA Bar No. 82437)
Enforcement Attorney
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Phone: (202) 435-9424
Facsimile: (202) 435-7722
E-mail: emily.mintz@cfpb.gov

_Megay Ross_
Megan B. Ross (MSB 103609)
Dinkelspiel Rasmussen & Mink, PLLC
1669 Kirby Parkway, Suite 106
Memphis, TN 38120
Telephone: (901) 754-7770
Facsimile: (901) 756-7772
E-mail: mross@drmlawmemphis.com

**Exhibit 2**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**CONSUMER FINANCIAL PROTECTION BUREAU**  **PLAINTIFF**

**VS.**  **CIVIL ACTION NO. 3:16-cv-356-WHB-JCG**

**ALL AMERICAN CHECK CASHING, INC.;**
**MID-STATE FINANCE, INC.; and**
**MICHAEL E. GRAY, individually**  **DEFENDANTS**

---

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS ALL AMERICAN CHECK CASHING, INC., MID-STATE FINANCE, INC., AND MICHAEL E. GRAY

---

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 34, Plaintiff Consumer Financial Protection Bureau ("Bureau") requests that Defendants All American Check Cashing, Inc., Mid-State Finance, Inc., and Michael E. Gray (collectively, "Defendants") respond to its First Request for Production of Documents ("Request") within the time period prescribed by the Federal Rules of Civil Procedure, and produce the following documents for inspection and copying on August 25, 2016, beginning at 9:00 a.m., at the Bureau's Washington, DC office at 1625 I Street NW, Washington, DC 20006.

### INSTRUCTIONS

A.  If, in responding to this Request, Defendants encounter any ambiguities when construing a Document Request or Definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

B.  All documents that respond, in whole or in part, to any part or clause of any paragraph of this Request shall be produced in their entirety, including all attachments and enclosures.

C.  Whenever Defendants are asked to identify or produce a document that they wish to assert may be properly withheld from production for inspection and copying, with respect to each document:

1.  If Defendants are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Local Rule 26(e), including at least the name of the document, electronically stored information, or tangible thing; description of the document, electronically stored information, or tangible thing, which description must include each requisite element of the privilege or protection asserted; date; author(s); recipient(s); and nature of the privilege.

2.  If Defendants are withholding the document for any other reason, state the reason with respect to each document so withheld and provide the information requested in Paragraph C.1 above as well as any other information necessary to support their claim that withholding the document is justified.

D.  When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege (or other basis for withholding information) is asserted with regard to part of the material contained in a document, Defendants must clearly identify the portions as to which the privilege or other basis is claimed. When a document has been redacted or altered in any fashion, provide as to

each document the information set forth in Paragraph C above with respect to the redaction or alteration. Any redaction must be clearly visible on the redacted document.

E.   If Defendants object to production of any requested document(s) on grounds other than privilege, state with specificity the grounds for objecting to the requested document(s), including the reasons. If responsive materials are being withheld on the basis of any objection, include that information in Defendants' response.

F.   If Defendants object to production of any requested document(s) on the grounds that production is unduly burdensome, describe with specificity the burden or expense of the proposed discovery.

G.   Responsive documents shall be produced in native format as kept in the ordinary course of business or in a reasonably usable and searchable PDF format, and shall be organized or labeled to correspond with this Request. If, with respect to any category, there are no responsive documents, so state in writing.

H.   If there are documents that are responsive to more than one Document Request, please note and produce each such document in response to the Document Request that is more specifically directed to the subject matter of the particular document.

I.   Unless otherwise specified, the relevant time period for which production of documents is requested shall be from July 21, 2011 to the present.

J.   This Request covers materials and information in your possession, actual or constructive custody, or control, including but not limited to, documents in the possession, custody, or control of your attorneys, accountants, other agents or consultants, directors, officers, and employees.

K.   If a Document Request seeks responsive documents that Defendants have previously produced to the Bureau pursuant to any Civil Investigative Demand,

Defendants are not expected to re-produce such documents but may instead respond by designating the relevant document(s) with reference to the appropriate Bates numbers.

L.   Words in the masculine or feminine forms shall include each of the other genders.

M. The present tense shall include the past and future tenses.

N.  The singular shall include the plural, and the plural shall include the singular.

O.  If any material called for by this Request contains sensitive personally identifiable information or sensitive health information of any individual, please contact Enforcement Attorney Emily Mintz at 202-435-9424 before sending this material to discuss ways to protect such information during productions. The Bureau expects that Defendants will encrypt electronic copies of such material, such as with BitLocker encryption software. The Bureau also expects that, when submitting encrypted material, Defendants will provide the encryption key, certificate, or passcode in a separate communication.

P.   Pursuant to Fed. R. Civ. P. 26(e), Defendants are under a duty to correct or supplement any response to this Request for which they learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the Bureau during the discovery process or in writing.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Request, the following terms shall be interpreted in accordance with these definitions:

A.  "Advertisement" or "Promotional Materials" shall mean any written or verbal statement, illustration, or depiction, whether in English or any other language, that is designed to effect a sale or create interest in the purchasing or acquisition of goods or services, whether it appears on or in a label, package, package insert, radio, television, brochure, newspaper, magazine, pamphlet, leaflet, flyer, circular, mailer, letter, poster, sign, billboard, film, slide, audio program, transmitted over a telephone system, PowerPoint or similar presentation, telemarketing script, talking points, internal or external training materials, the Internet, email, or any other medium.

B.  "And," as well as "or," shall be construed both conjunctively and disjunctively, as necessary, in order to bring within the scope of any request in this Request all information that otherwise might be construed to be outside the scope of the request.

C.  "Any" shall be construed to include the word "all," and "all" shall be construed to include the word "any."

D.  "Area Supervisor" shall have the same meaning as that term is used in Defendants' October 3, 2014 Responses to the Bureau's Civil Investigative Demand. *See* Exhibit A.

E.  "Bureau" shall mean the Consumer Financial Protection Bureau.

F.  "Check cashing service" shall mean the advertising, marketing, offering, or provision of check cashing to consumers.

G.  "Civil Investigative Demand," unless otherwise specified, shall mean either of the Civil Investigative Demands issued by the Bureau to Defendants on September 3, 2014 and January 13, 2015, respectively.

H.  "Consumer" shall mean "consumer" as defined in Section 1002(4) of the Consumer Financial Protection Act of 2010, 12 U.S.C. § 5481(4).

I. "Consumer loan" shall mean any short-term loan (i.e., 31 days or less) that Defendants offer or provide to consumers who receive income, such as a benefits check or paycheck, once a month. This does not include loans secured by the title to an automobile.

J. "Concerning" shall mean relating to, referring to, discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, comprising, showing, setting forth, considering, recommending, or pertaining to, in whole or in part.

K. "Defendants" shall mean any or all of All American Check Cashing, Inc., Mid-State Finance, Inc., and Michael E. Gray.

L. "Document" and "Electronically Stored Information" shall be synonymous in meaning and equal in scope to the usage of the terms in Rule 34(a) of the Federal Rules of Civil Procedure and include but are not limited to:

    1. The original or a true copy of any written, typed, printed, electronically stored, transcribed, taped, recorded, filmed, punched, or graphic matter or other data compilations of any kind, including, but not limited to, letters, email or other correspondence, messages, memoranda, paper, interoffice communications, notes, reports, summaries, manuals, magnetic tapes or discs, tabulations, books, records, checks, invoices, work papers, journals, ledgers, statements, returns, reports, schedules, files, charts, logs, electronic files, stored in any medium; and

    2. Any electronically created or stored information, including but not limited to electronic mail, instant messaging, videoconferencing, SMS, MMS, or other text messaging, and other electronic correspondence (whether active, archived,

unsent, or in a deleted items folder), word processing files, spreadsheets, databases, unorganized data, document metadata, presentation files, and sound recordings, whether stored on any cell phones, smartphones, flash drives, personal digital assistants ("PDAs"), cards, desktop personal computer and workstations, laptops, notebooks and other portable computers, or other electronic storage media, backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether assigned to individuals or in pools of computers available for shared use, or personally owned but used for work-related purposes, whether stored on-site with the computer used to generate them, stored offsite in another company facility, or stored, hosted, or otherwise maintained off-site by a third party, or in computers and related offline storage used by Defendants or Defendants' participating associates, which may include persons who are not employees of the company or who do not work on company premises.

M. "Each" shall be construed to include "every," and "every" shall be construed to include "each."

N. "Overpayment" shall mean any payment by a consumer to Defendants that is more than the consumer owes the Defendants.

O. "Refund" shall mean Defendants' refund of an overpayment by a consumer.

## DOCUMENT REQUESTS

1. All documents sent or exchanged between Defendants and the Better Business Bureau, or Defendants and any other consumer protection organization or trade group, concerning check cashing services, consumer loans, overpayments, or refunds.

2.   All documents concerning oral and written complaints by consumers, including the intake, processing, and resolution of complaints and the policies and procedures for doing so, concerning check cashing services, consumer loans, overpayments, or refunds, excluding those already produced in response to the September 3, 2014 Civil Investigative Demand.

3.   All phone messages or other audio recordings concerning complaints or inquiries by consumers in connection with check cashing services, consumer loans, overpayments, or refunds.

4.   All e-mails sent by, received by, or copied to Defendant Michael E. Gray concerning Defendants' check cashing services, consumer loans, overpayments, or refunds from email accounts other than "michael@allamericancheckcashing.com," excluding e-mails already produced in response to the September 3, 2014 Civil Investigative Demand.

5.   All e-mails that were sent by, received by, or copied to any of the following individuals, on or after September 4, 2014, concerning check cashing services, consumer loans, overpayments, or refunds:

   a.  Michael Gray;

   b.  Jeremy Hoskinson;

   c.  Lisa Reed; and

   d.  William M. Hendrix II.

6.   All e-mails that were sent by, received by, or copied to any of the following individuals, concerning check cashing services, consumer loans, overpayments, or refunds, excluding e-mails already produced in response to the September 3, 2014 Civil Investigative Demand:

    a.   Dianne Valladares;

    b.   Amanda M. Hearn;

    c.   Jason Scott Cain;

    d.   Laura Faulkner;

    e.   Jason Stabbs; and

    f.   James A. Wilson Jr.

7.   All e-mails that were sent by, received by, or copied to any Area Supervisor, on or after September 4, 2014, concerning supervision of, or directions or instructions about, managers' or employees' work in connection with check cashing services.

8.   All documents concerning the consumer loan policy or program referred to as "Loaning on the 1st and 3rd," "Lending on the 1st and 3rd," the "Monthly Lending Program," and "1st and 3rd Lending," excluding those already produced in response to the September 3, 2014 Civil Investigative Demand.

9.   All versions of advertisements or promotional materials concerning check cashing services or the offering, provision, or servicing of consumer loans.

10. All versions of policies, procedures, training documents, scripts, marketing plans, and other materials, created on or after September 4, 2014, concerning Defendants' check cashing services, consumer loans, overpayments, or refunds.

11. All documents concerning the creation, modification, amendment, or other actions taken related to policies, procedures, training documents, scripts, marketing plans, or other materials, on or after September 4, 2014, concerning check cashing services, consumer loans, overpayments, or refunds.

12. All documents generated in connection with Defendants' corporate retreats, manager meetings, manager training sessions, manager trainee meetings, manager trainee training sessions, and other company-wide meetings.

13. All documents concerning individuals listed in Sections I.C. and I.H. of the Bureau's June 29, 2016 Rule 26(a)(1) Initial Disclosures (not including the exhibits), including but not limited to all employment records for the individuals listed in Section I.C.

14. All documents or reports concerning voided transactions for check cashing services, excluding those documents already produced in response to any Civil Investigative Demand.

Dated: July 26, 2016

Respectfully submitted,

CONSUMER FINANCIAL PROTECTION BUREAU

ANTHONY ALEXIS
Enforcement Director

CARA PETERSEN
Deputy Enforcement Director for Litigation

R. GABRIEL D. O'MALLEY
Assistant Litigation Deputy

  s/Emily Mintz
EMILY MINTZ (VA Bar No. 82437)
Phone: (202) 435-9424
E-mail: emily.mintz@cfpb.gov
MICHAEL FAVRETTO (NY Bar No. 4508727)
Phone: (202) 435-7785
E-mail: michael.favretto@cfpb.gov
Enforcement Attorneys
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Facsimile: (202) 435-7722

GREGORY K. DAVIS
United States Attorney
Southern District of Mississippi

MITZI DEASE PAIGE (MS Bar No. 6014)
Assistant United States Attorney
Chief, Civil Division
Southern District of Mississippi
501 E. Court Street, Suite 4.430
Jackson, MS 39201
Phone: (601) 965-4480
Direct: (601) 973-2840
Facsimile: (601) 965-4409
E-mail: mitzi.paige@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2016, a copy of the foregoing document, Plaintiff's First Request for Production of Documents to Defendants All American Check Cashing, Inc., Mid-State Finance, Inc., and Michael E. Gray, was served via email and first-class mail to counsel for Defendants, listed below:

Robin H. Rasmussen (MS 104729)
Dinkelspiel Rasmussen & Mink, PLLC
1669 Kirby Parkway, Suite 106
Memphis, TN 38120
Telephone: (901) 754-7770
Facsimile: (901) 756-7772
E-mail: rrasmussen@drmlawmemphis.com

Peter D. Baskind (TN 019962)
Dinkelspiel Rasmussen & Mink, PLLC
1669 Kirby Parkway, Suite 106
Memphis, TN 38120
Telephone: (901) 754-7770
Facsimile: (901) 756-7772
E-mail: pbaskind@drmlawmemphis.com

Dale Danks, Jr. (MS 5789)
Danks, Miller & Cory
P.O. Box 1759
Jackson, MS 39215-1759
Telephone: (601) 957-3101
Facsimile: (601) 957-3160
E-mail: ddanks@dmc-law.net

Bentley E. Conner (MS 6465)
P.O. Box 563
Canton, MS 39046
Telephone: (601) 859-6306
Facsimile: (601) 859-6307
E-mail: connerbentleye@bellsouth.net

  s/Emily Mintz
EMILY MINTZ (VA Bar No. 82437)
Phone: (202) 435-9424
E-mail: emily.mintz@cfpb.gov
Enforcement Attorney
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Facsimile: (202) 435-7722

**Exhibit 3**

 DINKELSPIEL RASMUSSEN & MINK PLLC
ATTORNEYS

1669 KIRBY PARKWAY
SUITE 106
MEMPHIS, TENNESSEE 38120

TEL (901) 754-7770
FAX (901) 756-7772

ROBERT L. DINKELSPIEL
rdinkelspiel@drmlawmemphis.com
Direct: (901) 759-2460

ROBIN H. RASMUSSEN M
rrasmussen@drmlawmemphis.com
Direct: (901) 759-2470

M. WAYNE MINK, JR. V
wmink@drmlawmemphis.com
Direct: (901) 759-2464

PETER D. BASKIND, LL.M.
pbaskind@drmlawmemphis.com
Direct (901) 759-2472

ANGELA G. LAWSON
alawson@drmlawmemphis.com
Direct: (901) 759-2473

BRANDON F. MCNARY
bmcnary@drmlawmemphis.com
Direct: (901) 759-2467

MEGAN B. ROSS M
mross@drmlawmemphis.com
Direct: (901) 759-2474

September 7, 2016

**<u>VIA OVERNIGHT DELIVERY</u>**

Emily Mintz, Esq.
Michael Favretto, Esq.
Consumer Financial Protection Bureau
1700 G St. NW
Washington, D.C. 20522

Re:   *CFPB v. All American Check Cashing, Inc., et al.*
      Southern District of MS Case No. 3:16-cv-00356
      DRM File No.: 11033.0080

Dear Ms. Mintz and Mr. Favretto:

Enclosed please find the following items:

1) Defendants' Responses to Plaintiff's First Set of Requests for Production of Documents

2) Data Disc containing Defendants' Document Disclosure, Bates Stamped All American 000001 – All American 002505

Sincerely,

Katie Alexander
Paralegal to Robin H. Rasmussen

cc:  Counsel of Record

K:\All American Check Cashing\Consumer Financial Protection Bureau\Correspondence\09.07.16 enclosing Responses to CFPB RFPD.docx

M  *Also Licensed in Mississippi*
V  *Also Licensed in Virginia*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CONSUMER FINANCIAL PROTECTION BUREAU

PLAINTIFF

VS.                                      CIVIL ACTION NO. 3:16-cv-356-WHB-JCG

ALL AMERICAN CHECK CASHING, INC.;
MID-STATE FINANCE, INC.; and
MICHAEL E. GRAY, individually

DEFENDANTS

## ALL AMERICAN CHECK CASHING, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

COMES NOW the Defendant, All American Check Cashing, Inc., (All American) and responds to the Consumer Financial Protection Bureau's (the Government) First Set of Requests for Production, as follows:

### GENERAL OBJECTIONS

1.   All American objects to the Government's First Request for Production of Documents propounded to All American, (the Government's RPD) on the grounds that the Government's RPD demands production of documents for inspection and copying on August 25, 2016 beginning at 9:00 a.m. in Washington, DC.   FRCP 34(b)(1)(B) provides in part as follows:

> **(1)**   *Contents of the Request.*  The request:
>
>> **(B)**   must specify a reasonable time, place and manner for the inspection and for performing the related acts; and

All American is a Mississippi corporation, located and doing business in the State of Mississippi.

The Government's demand that all production must occur in Washington, D.C. at the Government's office is unreasonable. All American will make the responsive documents available for inspection at a mutually convenient location in Madison, Mississippi.

2.  All American objects to each instruction, definition, and document request to the extent that each instruction, definition, and document request attempts to impermissibly expand the scope of discovery under F.R.C.P. 26(b)(1) and F.R.C.P. 34, or any applicable rules or orders of this Court.

3.  All American objects to each definition, instruction, and document request to the extent that that each instruction, definition, and document request seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

4.  All American objects to the Government's Instruction "C" to the extent that "C" requires All American to provide any additional information beyond what is required for asserting a privilege under F.R.C.P. 26(b)(5).

5.  All American objects to the Government's definitions and document requests as overly broad and unduly burdensome. All American specifically objects to Definitions "A" and "L" as overly broad and unduly burdensome.

6.  All American objects to each definition, instruction, or document request to the extent each that that each instruction, definition, and document request seeks documents that are readily or more accessible to the Government or requests documents previously produced. Responding to such requests is unduly burdensome and designed to burden All American with unnecessary expense.

7.  All American objects to the Government's instruction "F" to "describe with specificity the burden or expense of the proposed discovery". Such description is not required under F.R.C.P. 26

or F.R.C.P. 34 and will not be provided.

8. Publicly available or equally available documents will not be produced.

9. All American will produce responsive documents only to the extent that such documents are in the possession, custody, or control of All American as required under F.R.C.P. All American's "possession, custody, or control" does not include constructive possession.

10. All American objects to Instruction "I" as impermissibly attempting to expand the scope of discovery by attempting to require All American to produce documents in response to each request from July 21, 2011, to the present. Pursuant to the Mississippi Check Cashers Act, a licensee is only required to preserve the books, accounts, and records of its business for a period of two (2) years. M.C.A. §75-67-515. All American will produce responsive documents of the past two years, only to the extent that documents have not already been produced.

11. All American objects to Instruction "O" as improperly attempting to place undue burden upon All American in the production of responsive documents. All American will not submit encrypted documents or software.

12. All American objects to the use of any private, personal, and/or confidential information that is inadvertently produced. All American has carefully reviewed the responsive documents and attempted to redact all sensitive and private information.

13. All American's investigation relating to this action is continuing in nature and therefore, the objections and responses made herein are not a waiver of All American's rights to rely on other facts or documents at trial. Further, the objections herein and documents produced do not waive All American's right to assert any and all objections as to admissibility of the documents at trial or any other proceeding. All American reserves the right to supplement the following responses.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1**:   All documents sent or exchanged between Defendants and the Better Business Bureau, or Defendants and any other consumer protection organization or trade group, concerning check cashing services, consumer loans, overpayments, or refunds.

**OBJECTION:**   All American objects to this Request on the grounds that it is overly broad and unduly burdensome, vague and ambiguous, and fails to describe with reasonable particularity each item or category of items to be inspected pursuant to F.R.C.P. 34(b)(1)(A).  The Government fails to reasonably tailor the scope of Request No. 1; Request No. 1 not only seeks "all documents" between All American and the Better Business Bureau but seeks "all documents" from "any other consumer protection organization or trade group", terms which the Government has failed to define.  If the Government seeks any documents beyond documents between All American and the Better Business Bureau, then All American requests that the Government specifically identify in a separate formal request any such "consumer protection organization or trade group".

**RESPONSE**:   Subject to and without waiving the foregoing objections, see documents produced herewith as All American 000001 – All American 000062.


**REQUEST NO. 2**:   All documents concerning oral and written complaints by consumers, including the intake, processing, and resolution of complaints and the policies and procedures for doing so, concerning check cashing services, consumer loans, overpayments, or refunds, excluding those already produced in response to the September 3, 2014 Civil Investigative Demand.

**OBJECTION:**   All American objects to this Request on the grounds that it is overly broad and unduly burdensome, vague and ambiguous, and fails to describe with reasonable particularity each item or category of items to be inspected pursuant to F.R.C.P. 34(b)(1)(A).  All American states

4

that All American has approximately 42 stores and that requesting "all documents" concerning any "oral and written complaints by consumers" is unlimited in scope and kind and is an unreasonable request.  All American will only produce documents relating to the "policies and procedures" concerning "the intake, processing, and resolution of complaints" "concerning check cashing services, consumer loans, overpayments, or refunds".  If Request No. 2 was intended to seek additional documents, All American requests that the Government propound a separate formal request clarifying the documents that it is seeking.

**RESPONSE:**      Subject to and without waiving the foregoing objections, see documents produced herewith as All American 000063 – All American 001133.


**REQUEST NO. 3:**   All phone messages or other audio recordings concerning complaints or inquiries by consumers in connection with check cashing services, consumer loans, overpayments, or refunds.

**OBJECTION:**   All American objects to this Request on the grounds that it is overly broad and unduly burdensome, vague and ambiguous, and fails to describe with reasonable particularity each item or category of items to be inspected pursuant to F.R.C.P. 34(b)(1)(A).  All American states that All American has approximately 42 stores and that requesting "all phone messages or other audio recordings" concerning any "complaints or inquiries by consumers in connection with check cashing services, consumer loans, overpayments, or refunds" is unlimited in scope and kind and is an unreasonable request.

**RESPONSE:**      Subject to and without waiving said objections, please see Response to Request No. 2.

**REQUEST NO. 4:**   All e-mails sent by, received by, or copied to Defendant Michael E. Gray concerning Defendants' check cashing services, consumer loans, overpayments, or refunds from email accounts other than "michael@allamericancheckcashing.com," excluding e-mails already produced in response to the September 3, 2014 Civil Investigative Demand.

**OBJECTION:**   All American objects to this Request on the grounds that it is overly broad and unduly burdensome.  All American further objects to Request No. 4 to the extent this request seeks documents subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege.  Request No. 4 is unlimited in scope and essentially a blanket request for every email of Michael Gray concerning All American.   Such request is outside the scope of permissible discovery under F.R.C.P. 26(b)(1).  All American requests that the Government further define and narrow the emails that it is seeking.


**REQUEST NO. 5:**   All e-mails that were sent by, received by, or copied to any of the following individuals, on or after September 4, 2014, concerning check cashing services, consumer loans, overpayments, or refunds:

     a. Michael Gray;

     b. Jeremy Hoskinson;

     c. Lisa Reed; and

     d. William M. Hendrix II.

**OBJECTION:**   All American objects to this Request on the grounds that it is overly broad and unduly burdensome, vague and ambiguous, and fails to describe with reasonable particularity each item or category of items to be inspected pursuant to F.R.C.P. 34(b)(1)(A).  All American further objects to Request No. 5 to the extent this request seeks documents subject to the attorney-client

privilege, work-product doctrine, or any other applicable privilege. Request No. 5 is unlimited in scope and essentially a blanket request for every email of the parties named in subsections (a)-(d). Such request is outside the scope of permissible discovery under F.R.C.P. 26(b)(1). All American requests that the Government further define and narrow the emails that it is seeking.

**REQUEST NO. 6:**     All e-mails that were sent by, received by, or copied to any of the following individuals, concerning check cashing services, consumer loans, overpayments, or refunds, excluding e-mails already produced in response to the September 3, 2014 Civil Investigative Demand:

      a.      Dianne Valladares;

      b.      Amanda M. Hearn;

      c.      Jason Scott Cain;

      d.      Laura Faulkner;

      e.      Jason Stabbs; and

      f.      James A. Wilson Jr.

**OBJECTION:**     All American objects to this Request on the grounds that it is overly broad and unduly burdensome, vague and ambiguous, and failing to describe with reasonable particularity each item or category of items to be inspected pursuant to F.R.C.P. 34(b)(1)(A). All American further objects to Request No. 6 to the extent this request seeks documents subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege. Request No. 6 is unlimited in scope and essentially a blanket request for every email of the parties named in subsections (a)-(f). Such request is outside the scope of permissible discovery under F.R.C.P.

26(b)(1).  All American requests that the Government further define and narrow the emails that it is seeking.

**REQUEST NO. 7:**    All e-mails that were sent by, received by, or copied to any Area Supervisor, on or after September 4, 2014, concerning supervision of, or directions or instructions about, managers' or employees' work in connection with check cashing services.

**OBJECTION:**    All American objects to this Request on the grounds that it is overly broad and unduly burdensome, vague and ambiguous, and fails to describe with reasonable particularity each item or category of items to be inspected pursuant to F.R.C.P. 34(b)(1)(A).  All American further objects to Request No. 7 to the extent this request seeks documents subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege.  Request No. 7 is unlimited in scope and essentially a blanket request for nearly every email of every area supervisor.  There are approximately 42 branches of All American and requesting every email for every area supervisor that concerns any manager or employee and any aspect of the business is unreasonable.  Such request is outside the scope of permissible discovery under F.R.C.P. 26(b)(1).

**REQUEST NO. 8:**    All documents concerning the consumer loan policy or program referred to as "Loaning on the 1st and 3rd," "Lending on the 1st and 3rd," the "Monthly Lending Program," and "1st and 3rd Lending," excluding those already produced in response to the September 3, 2014 Civil Investigative Demand.

**OBJECTION:**        All American objects to this Request on the grounds that it is overly broad and unduly burdensome.  All American states that documents have previously been provided in response to the September 3, 2014 Civil Investigative Demand.

**RESPONSE:**        Without waiving the foregoing objection, from August 25, 2014, forward, there was no Consumer Loan Policy or program in place that was referred to as "Loaning on the 1st and 3rd," "Lending on the 1st and 3rd," the "Monthly Lending Program," or "1st and 3rd Lending."

**REQUEST NO. 9:**    All versions of advertisements or promotional materials concerning check cashing services or the offering, provision, or servicing of consumer loans.

**OBJECTION:**   All American objects to this Request on the grounds that it is overly broad and unduly burdensome, vague and ambiguous, and fails to describe with reasonable particularity each item or category of items to be inspected pursuant to F.R.C.P. 34(b)(1)(A).   All American specifically objects to Definition "A", which attempts to require All American to produce a litany of written and verbal documents that are outside the scope of discovery permitted under F.R.C.P. 26(b)(1) by unreasonably expanding the definition of "advertisements or promotional materials". The list of included documents in Definition "A" cannot reasonably be expected to be produced. All American objects that publicly available documents are equally available to the Government.

**REQUEST NO. 10:**   All versions of policies, procedures, training documents, scripts, marketing plans, and other materials, created on or after September 4, 2014, concerning Defendants' check cashing services, consumer loans, overpayments, or refunds.

**OBJECTION:**   All American objects to this Request on the grounds that it is overly broad and unduly burdensome, vague and ambiguous, and fails to describe with reasonable particularity each item or category of items to be inspected pursuant to F.R.C.P. 34(b)(1)(A).   All American

specifically objects to the catch-all "other materials" as attempting to impermissibly expand the scope of discovery permitted under F.R.C.P. 26(b)(1).

**RESPONSE:**      Subject to and without waiving the foregoing objections, see documents produced herewith as All American 001134 – All American 001706.


**REQUEST NO. 11:**   All documents concerning the creation, modification, amendment, or other actions taken related to policies, procedures, training documents, scripts, marketing plans, or other materials, on or after September 4, 2014, concerning check cashing services, consumer loans, overpayments, or refunds.

**OBJECTION:**  All American objects to this Request on the grounds that it is overly broad and unduly burdensome.  All American further objects to Request No. 11 to the extent this request seeks documents subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege.  All American specifically objects to the catch-all "other materials" as attempting to impermissibly expand the scope of discovery permitted under F.R.C.P. 26(b)(1).

**RESPONSE:**  Subject to and without waiving said objections, All American states that it has no documents responsive to Request No. 11.


**REQUEST NO. 12:**  All documents generated in connection with Defendants' corporate retreats, manager meetings, manager training sessions, manager trainee meetings, manager trainee training sessions, and other company-wide meetings.

**OBJECTION:**  All American objects to this Request on the grounds that it is overly broad and unduly burdensome, vague and ambiguous, and fails to describe with reasonable particularity each item or category of items to be inspected pursuant to F.R.C.P. 34(b)(1)(A).  All American further

objects to Request No. 12 as attempting to impermissibly expand the scope of discovery permitted under F.R.C.P. 26(b)(1).

**REQUEST NO. 13:**   All documents concerning individuals listed in Sections I.C. and I.H. of the Bureau's June 29, 2016 Rule 26(a)(1) Initial Disclosures (not including the exhibits), including but not limited to all employment records for the individuals listed in Section I.C.

**OBJECTION:**   All American objects to this Request on the grounds that it is overly broad and unduly burdensome, vague and ambiguous, and fails to describe with reasonable particularity each item or category of items to be inspected pursuant to F.R.C.P. 34(b)(1)(A).  All American further objects to Request No. 13, specifically with regard to Section I.C., as attempting to impermissibly expand the scope of discovery permitted under F.R.C.P. 26(b)(1).  All American objects to Request No. 13 to the extent the request seeks documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.  All American will only produce documents with regard to Section I.H.

**RESPONSE:**   Subject to and without waiving the foregoing objections, see documents produced herewith as All American 001707 – All American 002505.

**REQUEST NO. 14:**   All documents or reports concerning voided transactions for check cashing services, excluding those documents already produced in response to any Civil Investigative Demand.

**OBJECTION:**   All American objects to this Request on the grounds that it is overly broad and unduly burdensome, vague and ambiguous, and fails to describe with reasonable particularity each item or category of items to be inspected pursuant to F.R.C.P. 34(b)(1)(A).  All American further

11

objects to Request No. 14 as attempting to impermissibly expand the scope of discovery permitted under F.R.C.P. 26(b)(1).

DATED: September 7, 2016.

Respectfully Submitted,

/s/   Robin H. Rasmussen
Robin H. Rasmussen       (MSB 104729)
Dinkelspiel Rasmussen & Mink, PLLC
1669 Kirby Parkway, Suite 106
Memphis, TN 38120
Telephone:   (901) 754-7770
Facsimile:   (901) 756-7772
E-mail: rrasmussen@drmlawmemphis.com

Dale Danks, Jr. (MS 5789)
Danks, Miller & Cory
213 S. Lamar Street
P.O. Box 1759
Jackson, MS  39215-1759
Telephone:  (601) 957-3101
Facsimile:   (601) 957-3160
E-mail: ddanks@dmc-law.net

Bentley E. Conner (MS 6465)
164 E. Center Street
P.O. Box 563
Canton, MS 39046
Telephone:     (601) 859-6306
Facsimile:     (601) 589-6307
E-mail: bentleyeconner@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served the following counsel of record on September 7, 2016 via the indicated delivery method:

Gregory K. Davis
United States Attorney
Southern District of Mississippi
501 E. Court Street, Suite 4.430
Jackson, MS 39201
gregory.davis3@usdoj.gov
**Via U.S. Mail**

Mitzi Dease Paige
Assistant United States Attorney
Chief, Civil Division
Southern District of Mississippi
501 E. Court Street, Suite 4.430
Jackson, MS 39201
mitzi.paige@usdoj.gov
**Via U.S. Mail**

Emily Mintz
Michael Favretto
Consumer Financial Protection Bureau
1700 G St. NW
Washington, D.C. 20522
emily.mintz@cfpb.gov
michael.favretto@cfpb.gov
**Via Overnight Delivery**

/s/   Robin H. Rasmussen

K:\All American Check Cashing\Consumer Financial Protection Bureau\Discovery\RESPONSES\AACC Responses and Objections to the Government's Request for Production of Documents.docx

13

# Exhibit 4



## DINKELSPIEL RASMUSSEN & MINK PLLC
ATTORNEYS

1669 KIRBY PARKWAY
SUITE 106
MEMPHIS, TENNESSEE 38120

TEL (901) 754-7770
FAX (901) 756-7772

ROBERT L. DINKELSPIEL
*rdinkelspiel@drmlawmemphis.com*
*Direct: (901) 759-2460*

ROBIN H. RASMUSSEN ᴹ
*rrasmussen@drmlawmemphis.com*
*Direct: (901) 759-2470*

M. WAYNE MINK, JR. ᵛ
*wmink@drmlawmemphis.com*
*Direct: (901) 759-2464*

PETER D. BASKIND, LL.M.
*pbaskind@drmlawmemphis.com*
*Direct (901) 759-2472*

ANGELA G. LAWSON
*alawson@drmlawmemphis.com*
*Direct: (901) 759-2473*

BRANDON F. MCNARY
*bmcnary@drmlawmemphis.com*
*Direct: (901) 759-2467*

MEGAN B. ROSS ᴹ
*mross@drmlawmemphis.com*
*Direct: (901) 759-2474*

September 15, 2016

**VIA OVERNIGHT DELIVERY**

Emily Mintz, Esq.
Michael Favretto, Esq.
Consumer Financial Protection Bureau
1700 G St. NW
Washington, D.C. 20522

Re:     *CFPB v. All American Check Cashing, Inc., et al.*
        Southern District of MS Case No. 3:16-cv-00356
        DRM File No.: 11033.0080

Dear Ms. Mintz and Mr. Favretto:

Enclosed please find the following items:

1) Defendants' Supplemental Responses to Plaintiff's First Set of
   Requests for Production of Documents;

2) Data Disc containing Defendants' Supplemental Document Disclosure,
   Bates Stamped All American 002506 – All American 003031.

Sincerely,

Katie Alexander
Paralegal to Robin H. Rasmussen

cc:  Counsel of Record

K:\All American Check Cashing\Consumer Financial Protection Bureau\Correspondence\09.15.16 enclosing Supp Responses to CFPB RFPD.docx

ᴹ  *Also Licensed in Mississippi*
ᵛ  *Also Licensed in Virginia*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**CONSUMER FINANCIAL PROTECTION BUREAU**

**PLAINTIFF**

VS.                                    CIVIL ACTION NO. 3:16-cv-356-WHB-JCG

**ALL AMERICAN CHECK CASHING, INC.;**
**MID-STATE FINANCE, INC.; and**
**MICHAEL E. GRAY, individually**

**DEFENDANTS**

## ALL AMERICAN CHECK CASHING, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

COMES NOW the Defendant, All American Check Cashing, Inc., (All American) and responds to the Consumer Financial Protection Bureau's (the Government) First Set of Requests for Production, as follows:

## GENERAL OBJECTIONS

1. All American objects to the Government's First Request for Production of Documents propounded to All American, (the Government's RPD) on the grounds that the Government's RPD demands production of documents for inspection and copying on August 25, 2016 beginning at 9:00 a.m. in Washington, DC.   FRCP 34(b)(1)(B) provides in part as follows:

> **(1)**    *Contents of the Request.*  The request:
>
> > **(B)**    must specify a reasonable time, place and manner for the inspection and for performing the related acts; and

All American is a Mississippi corporation, located and doing business in the State of Mississippi.

The Government's demand that all production must occur in Washington, D.C. at the Government's office is unreasonable. All American will make the responsive documents available for inspection at a mutually convenient location in Madison, Mississippi.

2. All American objects to each instruction, definition, and document request to the extent that each instruction, definition, and document request attempts to impermissibly expand the scope of discovery under F.R.C.P. 26(b)(1) and F.R.C.P. 34, or any applicable rules or orders of this Court.

3. All American objects to each definition, instruction, and document request to the extent that that each instruction, definition, and document request seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

4. All American objects to the Government's Instruction "C" to the extent that "C" requires All American to provide any additional information beyond what is required for asserting a privilege under F.R.C.P. 26(b)(5).

5. All American objects to the Government's definitions and document requests as overly broad and unduly burdensome. All American specifically objects to Definitions "A" and "L" as overly broad and unduly burdensome.

6. All American objects to each definition, instruction, or document request to the extent each that each instruction, definition, and document request seeks documents that are readily or more accessible to the Government or requests documents previously produced. Responding to such requests is unduly burdensome and designed to burden All American with unnecessary expense.

7. All American objects to the Government's instruction "F" to "describe with specificity the burden or expense of the proposed discovery". Such description is not required under F.R.C.P. 26

2

or F.R.C.P. 34 and will not be provided.

8.  Publicly available or equally available documents will not be produced.

9.  All American will produce responsive documents only to the extent that such documents are in the possession, custody, or control of All American as required under F.R.C.P.   All American's "possession, custody, or control" does not include constructive possession.

10. All American objects to Instruction "I" as impermissibly attempting to expand the scope of discovery by attempting to require All American to produce documents in response to each request from July 21, 2011, to the present.   Pursuant to the Mississippi Check Cashers Act, a licensee is only required to preserve the books, accounts, and records of its business for a period of two (2) years.        M.C.A. §75-67-515.   All American will produce responsive documents of the past two years, only to the extent that documents have not already been produced.

11. All American objects to Instruction "O" as improperly attempting to place undue burden upon All American in the production of responsive documents.   All American will not submit encrypted documents or software.

12. All American objects to the use of any private, personal, and/or confidential information that is inadvertently produced.   All American has carefully reviewed the responsive documents and attempted to redact all sensitive and private information.

13. All American's investigation relating to this action is continuing in nature and therefore, the objections and responses made herein are not a waiver of All American's rights to rely on other facts or documents at trial.   Further, the objections herein and documents produced do not waive All American's right to assert any and all objections as to admissibility of the documents at trial or any other proceeding.   All American reserves the right to supplement the following responses.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 13:**  All documents concerning individuals listed in Sections I.C. and I.H. of the Bureau's June 29, 2016 Rule 26(a)(1) Initial Disclosures (not including the exhibits), including but not limited to all employment records for the individuals listed in Section I.C.

**OBJECTION:**  All American objects to this Request on the grounds that it is overly broad and unduly burdensome, vague and ambiguous, and fails to describe with reasonable particularity each item or category of items to be inspected pursuant to F.R.C.P. 34(b)(1)(A).  All American further objects to Request No. 13, specifically with regard to Section I.C., as attempting to impermissibly expand the scope of discovery permitted under F.R.C.P. 26(b)(1).  All American objects to Request No. 13 to the extent the request seeks documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.  All American will only produce documents with regard to Section I.H.

**RESPONSE:**  Subject to and without waiving the foregoing objections, see documents produced herewith as All American 002506 – All American 003031.


DATED: September 15, 2016.

4

Respectfully Submitted,

/s/   Robin H. Rasmussen
Robin H. Rasmussen      (MSB 104729)
Dinkelspiel Rasmussen & Mink, PLLC
1669 Kirby Parkway, Suite 106
Memphis, TN 38120
Telephone:   (901) 754-7770
Facsimile:    (901) 756-7772
E-mail: rrasmussen@drmlawmemphis.com

Dale Danks, Jr. (MS 5789)
Danks, Miller & Cory
213 S. Lamar Street
P.O. Box 1759
Jackson, MS  39215-1759
Telephone:  (601) 957-3101
Facsimile:   (601) 957-3160
E-mail: ddanks@dmc-law.net


Bentley E. Conner (MS 6465)
164 E. Center Street
P.O. Box 563
Canton, MS 39046
Telephone:     (601) 859-6306
Facsimile:      (601) 589-6307
E-mail: bentleyeconner@gmail.com

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing was served the following counsel of record on September 15, 2016 via the indicated delivery method:

    Gregory K. Davis
    United States Attorney
    Southern District of Mississippi
    501 E. Court Street, Suite 4.430
    Jackson, MS 39201
    gregory.davis3@usdoj.gov
    **Via U.S. Mail**

    Mitzi Dease Paige
    Assistant United States Attorney
    Chief, Civil Division
    Southern District of Mississippi
    501 E. Court Street, Suite 4.430
    Jackson, MS 39201
    mitzi.paige@usdoj.gov
    **Via U.S. Mail**

    Emily Mintz
    Michael Favretto
    Consumer Financial Protection Bureau
    1700 G St. NW
    Washington, D.C. 20522
    emily.mintz@cfpb.gov
    michael.favretto@cfpb.gov
    **Via Overnight Delivery**

                /s/   Robin H. Rasmussen

K:\All American Check Cashing\Consumer Financial Protection Bureau\Discovery\RESPONSES\AACC SUPP Responses and Objections to the Government's Request for Production of Documents.docx

6

**Exhibit 5**

## Mintz, Emily (CFPB)

| | |
|---|---|
| **From:** | Mintz, Emily (CFPB) |
| **Sent:** | Thursday, September 22, 2016 3:35 PM |
| **To:** | Robin Rasmussen (rrasmussen@drmlawmemphis.com) |
| **Cc:** | Favretto, Michael (CFPB); 'Peter Baskind'; 'Dale Danks'; 'Ben Conner'; Katie Alexander; 'Bridgette Lifer (blifer@dmc-law.net)' |
| **Subject:** | CFPB v. All American Check Cashing et al - Meet and Confer |

Robin,

We are in the process of reviewing Defendants' responses and objections to the Bureau's First Request for Production. We would like to schedule a phone call to meet and confer on several issues. The following days would work for our team – do any of these work for you?

- Thu., Sept. 29
- Fri., Sept. 30
- Tues., Oct 4
- Wed., Oct 5

Thank you,
Emily

Emily Mintz
Enforcement Attorney
Consumer Financial Protection Bureau
(202) 435-9424 (o)
(202) 754-0342 (c)
emily.mintz@cfpb.gov

www.consumerfinance.gov

Confidentiality Notice: If you received this email by mistake, you should notify the sender of the mistake and delete the email and any attachments. An inadvertent disclosure is not intended to waive any privileges.

**Exhibit 6**

## Mintz, Emily (CFPB)

| | |
|---|---|
| **From:** | Mintz, Emily (CFPB) |
| **Sent:** | Wednesday, October 19, 2016 11:38 AM |
| **To:** | Robin Rasmussen (rrasmussen@drmlawmemphis.com) |
| **Cc:** | 'Peter Baskind'; 'Dale Danks'; 'Ben Conner'; 'Katie Alexander'; 'Bridgette Lifer (blifer@dmc-law.net)'; Favretto, Michael (CFPB); Brenowitz, Stephanie (CFPB) |
| **Subject:** | Oct. 13 Meet and Confer Follow Up |
| **Attachments:** | AACC00080047.pdf; AACC00080048.wav; AACC00006690.pdf |

Robin, et al.:

As promised, here is a summary of the issues that emerged at the Oct. 13 Meet-and-Confer where we discussed Defendants' Sept. 7 and Sept. 15 responses and objections to the Bureau's First Requests for Production of Documents. Where applicable, we've flagged issues where it appears that, absent further efforts at compromise, court intervention will be necessary to reach resolution. The Bureau may also move to compel on other issues to the extent Defendants provide inadequate responses to the Bureau's concerns identified below, or if the Bureau identifies additional issues. Unless expressly provided below, nothing in this email modifies the Bureau's requests, and Defendants are under a continuing obligation to provide a full and complete response to those requests.

We have identified next steps for each party throughout this email. We expect that by our Oct. 26 call, all next steps will be completed by both parties, and we will be able to determine the areas where we have been unable to come to agreement and the Bureau will be required to file a motion to compel. Given that there are already several issues which will necessarily require judicial intervention – such as the applicable time period for discovery – we also plan to reach out to Judge Gargiulo's chambers to schedule a pre-motion conference call, hopefully either for late next week or the following week. Please let us know if you have any questions or would like to discuss any of these items further.

**October 13 Meet-and-Confer**

A. **Violation of Case Management Order:** On September 7, 2016, the Defendants produced a single 2,505-page PDF containing what appeared to be hundreds of documents that were neither specifically identified nor searchable in any usable manner. Section 6.E. of the July 7, 2016 Case Management Order (CMO) requires the parties to produce electronically stored information (ESI) in either "native format or in a reasonably usable and searchable PDF format." The PDF was not reasonably usable because the Bureau is unable to discern certain simple facts about the contents of the 2,505-page PDF, such as where one document ends and the next one begins, or whether or not particular documents are attachments to emails.

The Bureau requested that Defendants reproduce the PDF in a manner consistent with the CMO, including at least some type of index or guide to the differentiation of documents and a completely searchable PDF. Defendants responded that the PDF was "partially" searchable and suggested that the Bureau should render the rest of the document searchable ourselves. Defendants declined to reproduce the document. Defendants also noted that they stated in their responses which page ranges were responsive to which requests, although some of these ranges consist of hundreds of pages and a multitude of documents.

==Next Steps:== In light of the failure to reach an agreement, the Bureau intends to move to compel Defendants' compliance with the CMO.

B. **Defendants' Objections Lack Specificity**: Defendants' objections to document requests are insufficient under Fed. R. Civ. P. 34(b)(2)(B) because they are boilerplate objections, not stated with required specificity, and are often inapplicable or irrelevant. Moreover, Defendants usually failed to specify in their written Responses whether any

documents were being withheld based upon any objections, which the Bureau requests that Defendants do going forward.

C. **General Objection 1**: Defendants objected to discovery occurring in Washington, DC, and indicated that they will make responsive documents available for inspection at a mutually convenient location in Madison, MS. Subsequently, Defendants sent electronic discovery to the Bureau in Washington, DC. In addition, Defendants stated during the Oct. 13 Meet-and-Confer that they do not have any further responsive documents that would require the Bureau to inspect documents in Madison, MS. Thus, the objection is moot.

D. **General Objection 3:** The Bureau sought to clarify whether Defendants identified and held back any privileged documents in their responses. Defendants stated that they did not withhold any documents based on privilege.

E. **General Objection 10**: Defendants objected to the Bureau's requests for discovery seeking materials during the relevant time period, from July 21, 2011 to present. In their written response to the Bureau's requests, Defendants stated that they would only produce responsive documents for the past two years because, pursuant to the Mississippi Check Cashers Act, a licensee is only required to preserve the books, accounts, and records of its business for a period of two years. During the Oct. 13 Meet-and-Confer, Defendants stated that they would only produce documents dating back three years before the filing of the Bureau's Complaint in May 2016, based on statute of limitations grounds. Nonetheless, Defendants state that they have preserved all relevant documents since initiation of the Bureau's investigatory demand for documents.

The Bureau explained that under the Dodd-Frank Act, the limitation on filing an action for unfair, deceptive, or abusive practices in court is no "more than 3 years after the date of discovery of the violation to which an action relates." 12 U.S.C. § 5564(g)(1). Regardless of any such limitation, a party is permitted to seek discovery of any material that is relevant in that "it has any tendency to make a fact more or less probable," without limitations on time. *See* Federal Rule of Evidence 401(a).

==Next Steps:== In light of the failure to reach an agreement, the Bureau intends to file a motion seeking to compel Defendants to provide responsive documents and information dating back to July 21, 2011.

F. **Request No. 1**: The Bureau seeks "[a]ll documents sent or exchanged between Defendants and the Better Business Bureau, or Defendants and any other consumer protection organization or trade group, concerning check cashing services, consumer loans, overpayments, or refunds." Defendants objected this was too broad and not sufficiently particular as required by Rule 34. The Bureau stated that the request seeks communications regarding complaints filed with third parties, such as the Better Business Bureau and other consumer protection organizations.

==Next Steps:== The Bureau will narrow this request at a future date.

G. **Request No. 2**: The Bureau seeks "[a]ll documents concerning oral and written complaints by consumers, including the intake, processing, and resolution of complaints and the policies and procedures for doing so, concerning check cashing services, consumer loans, overpayments, or refunds, excluding those already produced in response to the September 3, 2014 Civil Investigative Demand."  In its response, Defendants stated that it would produce only documents relating to policies and procedures. However, in the pages identified by Defendants that correspond with this response (000063 to 001133), there were no policies and procedures. Instead, there were a number of consumer files, but it is unclear whether these were all consumers who complained. Defendants did not produce any complaint logs, or in those pages, emails or other correspondence regarding consumer complaints.

The Bureau requested that, at a minimum, Defendants inquire with AACC employee Dianne Valladares if all consumer complaints and related documentation has been produced and what else is in existence. The Bureau believes Ms. Valladares is tasked as the primary point person for consumer complaints in oral and written form.

<mark>Next Steps:</mark> Defendants will clarify their response to Request 2 regarding policies and procedures for consumer complaints. Defendants will also confirm that all consumer complaints have been provided in response to the Bureau's request or, alternatively, what has been withheld. If Defendants do not intend to search for, and produce, all documents concerning consumer complaints, the Bureau intends to move to compel production of these documents.

H. **Request No. 3**: The Bureau seeks "[a]ll phone messages or other audio recordings concerning complaints or inquiries by consumers in connection with check cashing services, consumer loans, overpayments, or refunds." Defendants contend it is overly broad, vague, and burdensome to identify which audio files may concern complaints. The Bureau indicated that it is aware of the All American Customer Hotline which is used to receive consumer complaints. The Bureau has seen evidence of Defendants sharing audio files from this hotline in email correspondence.

<mark>Next Steps:</mark> The Bureau agreed to provide an example of such an email and audio file. *See* AACC00080047-48, attached. Defendants agreed to provide the Bureau with further information on whether audio file recordings are preserved and for how long. Defendants agreed that, to the extent Defendants have audio recordings from the hotline, the Bureau is entitled to them.

I. **Request No. 4**: The Bureau seeks "[a]ll e-mails sent by, received by, or copied to Defendant Michael E. Gray concerning Defendants' check cashing services, consumer loans, overpayments, or refunds from email accounts other than michael@allamericancheckcashing.com, excluding e-mails already produced in response to the September 3, 2014 Civil Investigative Demand." The Bureau further explained during the Meet-and-Confer that we are seeking any emails in which Mr. Gray has conducted AACC business with non-AACC accounts, where such emails relate to the conduct underlying the allegations in the complaint. The Bureau has seen evidence of Mr. Gray using non-AACC email, such as captainmike@cajunodysea.com, to handle AACC business matters.

<mark>Next Steps:</mark> Defendants agree that the Bureau is probably entitled to relevant Gray emails from non-AACC email accounts and will check with Mr. Gray about other email addresses.

J. **Request Nos. 5 & 6**: The Bureau seeks e-mails regarding check cashing services, consumer loans, overpayments, and refunds, which were sent by, received by, or copied to a limited number of specific individuals during a discrete time period, excluding any emails which were already produced. In an effort to minimize the burden on AACC, these requests are intentionally narrow and limited to emails only from highly relevant custodians and, for Request 5, on or after Sept. 4., 2014, a period for which the Bureau has no emails from AACC. Defendants object that the request is overly broad and that they have already produced a significant number of emails. The Bureau offered to provide a list of proposed search terms to Defendants. Conceptually, Defendants agreed to the use of search terms to resolve this dispute.

<mark>Next Steps:</mark> The Bureau will send Defendants a search term proposal in the coming days.

K. **Request No. 8**: This request seeks "[a]ll documents concerning the consumer loan policy or program referred to as 'Loaning on the 1st and 3rd,' 'Lending on the 1st and 3rd,' the 'Monthly Lending Program,' and '1st and 3rd Lending,' excluding those already produced in response to the September 3, 2014 Civil Investigative Demand." Defendants responded in writing that "from August 25, 2014, forward, there was no Consumer Loan Policy or program in place" of the nature sought by the Bureau. The Bureau identified an August 28, 2014 audit that flagged ongoing conduct related to the Monthly Lending Program. *See* AACC00006690, attached.

<mark>Next Steps:</mark> Defendants agreed that they will look for additional documents, such as audits. The Bureau believes all documents concerning this program are relevant, including any documents concerning efforts to halt the program's implementation, such as audits, evaluations, forensic document analyses, internal memoranda, emails, performance reviews, presentations, and training materials. The Bureau intends to move to compel production of all documents concerning this program if Defendants do not produce responsive documents.

**L.** **Request No. 9 & General Objection 5:** The Bureau seeks "[a]ll versions of advertisements or promotional materials concerning check cashing services or the offering, provision, or servicing of consumer loans." Defendants object to the Bureau's definition of advertisement (Definition A) as overly broad. The Bureau made clear that its request does not include verbal statements made in the ordinary course of business between store employee(s) and consumer(s), nor does it include pens and T-shirts that merely contain the name and contact information for the company. It does, include however, radio and television advertisements, robo-calls and telemarketing recordings, as well as all forms of written advertisements including, but not limited to, print ads, pamphlets, leaflets, flyers, circulars, mailers, letters, posters, signs, and billboards.

<mark>Next Steps:</mark> With this understanding, Defendants will search for responsive advertisements and provide the Bureau with an updated response. Defendants believe that there are no radio or television ads, but state that they may be flyers, a billboard, and potentially other materials within this definition.

**M.** **Request No. 10**: The Bureau seeks "[a]ll versions of policies, procedures, training documents, scripts, marketing plans, and other materials, created on or after September 4, 2014, concerning Defendants' check cashing services, consumer loans, overpayments, or refunds." Defendants object to this request as overly broad. The Bureau agreed to strike the phrase "other materials" from the request. Defendants confirmed that, once that phrase is struck, they have otherwise made a complete production of all responsive policies, procedures, training documents, scripts, and marketing plans.

**N.** **Request No. 12**: The Bureau seeks "[a]ll documents generated in connection with Defendants' corporate retreats, manager meetings, manager training sessions, manager trainee meetings, manager trainee training sessions, and other company-wide meetings" during the relevant time period. Defendants objected that "all documents" was overly broad and would include catering receipts and hotel bills.

<mark>Next Steps:</mark> The Bureau agreed to provide a narrower list of documents. **Accordingly, the Bureau seeks the following materials relating to these meetings, retreats, or sessions, including those parts that involved all attendees, as well as break-out sessions or parts that involved smaller groups of attendees: (1) all agendas, minutes, and summaries of planning meetings; (2) all draft and final presentations; (3) all draft and final agendas; (4) all draft and final documents distributed to attendees at any point before, during, or after the meeting; (5) all attendee lists; (6) all questionnaires, evaluations, or surveys completed before, during, or after the meeting; (7) all video or audio recordings shown during the meeting; (8) all video or audio recordings of the meeting; (9) all talking points for presenters; and (10) all minutes, post-meeting summaries, or recaps.**

**O.** **Request No. 13**: The Bureau seeks "[a]ll documents concerning individuals listed in Section I.C. and I.H. of the Bureau's June 29, 2016 Rule 26(a)(1) Initial Disclosures (not including the exhibits), including but not limited to all employment records for the individuals listed in Section I.C." Defendants object to the broad scope of this request.

<mark>Next Steps:</mark> With respect to the individuals in Section I.C., the Bureau agreed to narrow the request as follow: all employee reviews, bonus and promotion information, and exit interviews related to the individuals listed in Section I.C. The Bureau does not want proprietary or sensitive employee information, e.g. health records. Defendants will respond to the Bureau as to whether this compromise is acceptable. With respect to individuals in Section I.H., the Defendants failed to produce emails regarding these individuals. In addition, Defendants failed to produce call logs for certain individuals, including John Coker, Frances Fernandez, Thelma Floyd, Linda Funchess, Alicia Harmon, Jimmy Harris Sr., Timothy Jenkins, and Leigh Anne Luster. The Bureau will move to compel production of these materials if Defendants do not produce the requested documents.

**P.** **Request No. 14**: The Bureau seeks "[a]ll documents or reports concerning voided transactions for check cashing services, excluding those documents already produced in response to any Civil Investigative Demand." Defendants contend this information is irrelevant because voided transactions are not unlawful, and by definition, they do not concern transactions with consumers. The Bureau explained this evidence is relevant because the Bureau alleges that Defendants made it more difficult to void check cashing transactions in order to convince consumers to accept

the transaction. While the Bureau believes this Request as stated is narrowly tailored and well within the bounds of acceptable Rule 26 discovery, the Bureau would be willing to accept reports and summaries of voided transactions, such as spreadsheets, in lieu of "all documents or reports concerning…."

**Next Steps:** The Bureau will move to compel production of these materials if Defendants do not produce requested documents.

Please let us know if you have any questions about the above or would like to discuss anything further.

Thank you,
Emily

Emily Mintz
Enforcement Attorney
Consumer Financial Protection Bureau
(202) 435-9424 (o)
(202) 754-0342 (c)
emily.mintz@cfpb.gov

www.consumerfinance.gov

Confidentiality Notice: If you received this email by mistake, you should notify the sender of the mistake and delete the email and any attachments. An inadvertent disclosure is not intended to waive any privileges.

**Exhibit 7**

**Mintz, Emily (CFPB)**

| | |
|---|---|
| **From:** | Mintz, Emily (CFPB) |
| **Sent:** | Friday, October 28, 2016 8:51 AM |
| **To:** | 'Robin Rasmussen' |
| **Cc:** | Peter Baskind; Dale Danks; Ben Conner; Megan Ross (mross@drmlawmemphis.com); Katie Alexander; 'Bridgette Lifer (blifer@dmc-law.net)'; Brenowitz, Stephanie (CFPB); Favretto, Michael (CFPB) |
| **Subject:** | CFPB v. All American Check Cashing, 16cv356: Oct. 26 Call |
| **Attachments:** | Oct. 13 Meet and Confer Follow Up |

Good morning,

We wanted to follow up regarding the current status and next steps discussed during Wednesday's call. I've summarized the discussions below.

(1) **Follow Up Issues from Oct. 13, 2016 Meet and Confer:** During the call, Defense Counsel stated that you had not yet spoken with your client about the various follow-up issues from the Oct. 13, 2016 Meet and Confer, summarized in the Oct. 19, 2016 email attached. You stated that you would do so in the coming days, and Megan Ross and I have scheduled a call to discuss the results of those conversations on Monday, Oct. 31.

(2) **Documents Produced in Investigation:** During the call, Defense Counsel stated that you would not sign a general stipulation with respect to documents produced by Defendants during the Bureau's investigation, but that you would consider a stipulation with respect to specific documents. The Bureau asked if you would stipulate that the documents identified in the Bureau's Oct. 24, 2016 interrogatory responses were authentic, business records of Defendants. You stated that you have not reviewed the documents yet but that you would consider such a stipulation. The Bureau will send a proposed stipulation to Defendants.

(3) **Deposition Schedule:** During the call, Bureau counsel sought to determine dates for depositions in November and December. Defense Counsel stated that due to the state administrative hearing and other conflicts, you are not available for depositions during November at all or during the first, third, or fourth weeks of December. You stated that the only week in November or December that you are available for depositions in this matter is the second week of December (Dec. 12 to Dec. 16). You also stated that you are available for depositions in January. You restated your position that you believe that you are entitled to complete the three or four depositions that you noticed on July 14, 2016 prior to the Bureau taking any depositions. We stated that we do not know of any such practice and that there was no agreement that the Bureau would wait to take depositions until the noticed depositions were complete. We also stated that we did not believe that the second week of December and January alone would be a sufficient amount of time for purposes of taking all depositions in this matter prior to the January 25, 2017 discovery deadline. We will be in touch regarding next steps for scheduling depositions soon.

Thank you,
Emily

Emily Mintz
Enforcement Attorney
Consumer Financial Protection Bureau
(202) 435-9424 (o)
(202) 754-0342 (c)
emily.mintz@cfpb.gov

www.consumerfinance.gov

Confidentiality Notice: If you received this email by mistake, you should notify the sender of the mistake and delete the email and any attachments. An inadvertent disclosure is not intended to waive any privileges.

# Exhibit 8

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**CONSUMER FINANCIAL PROTECTION BUREAU**

**PLAINTIFF**

**VS.**                                      **CIVIL ACTION NO. 3:16-cv-356-WHB-JCG**

**ALL AMERICAN CHECK CASHING, INC.;**
**MID-STATE FINANCE, INC.; and**
**MICHAEL E. GRAY, individually**

**DEFENDANTS**

### DEFENDANTS' SECOND SUPPLEMENTAL RESPONSES
### TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

COME NOW the Defendants, All American Check Cashing, Inc. ("All American"), Mid-State Finance, Inc. ("Mid-State") and Michael E. Gray, (Mr. Gray) and supplement their responses to the Consumer Financial Protection Bureau's ("CFPB") First Set of Requests for Production of Documents served on September 7, 2016 and September 15, 2016. These supplemental responses are provided after consultations between counsel regarding specific discovery requests. Defendants have supplemented these specific requests based upon their understanding of the category of documents that the CFPB is actually seeking in relation to each request.

**REQUEST NO. 2:**   All documents concerning oral and written complaints by consumers, including the intake, processing, and resolution of complaints and the policies and procedures for doing so, concerning check cashing services, consumer loans, overpayments, or refunds,

excluding those already produced in response to the September 3, 2014 Civil Investigative Demand.

**RESPONSE:**   Please see documents bates-stamped All American 003032 – All American 003205.  These documents supplement documents previously produced as All American 000063-001133.[1]

All American is producing a complaint log that is bates-stamped All American 003032 – All American 003042.  The complaint log identifies complaints from 2014-2016.  All American believes that the CFPB already has information regarding complaints from prior years through its Civil Investigative Demand ("CID").   The procedures for handling written complaints is contained in the Compliance Program bates-stamped All American 003043 – All American 003058.  Page 7 of the Program has a section entitled "Customer Complaints" as well as Exhibit C of the Program.   Audio Files from the All American Customer HotLine recordings are classified as three types: complaints, praises, and other non-complaint and non-praise messages.  There is currently no written policy or procedure for the record retention of the audio files.

The following is the current process for handling recorded calls from the All American Hot Line:

- Complaints- after documenting in the Complaint Log the recording is forwarded to a District Manager via email.  The recording is then deleted from the system, but still resides in a "deleted" email file.

- Praises- are sent to the stores and District Managers then deleted from the system, but still resides in a "deleted" email file.

- Other Calls – If store is identified, the recording is sent to the store then deleted but still resides in a "deleted" email file.

---

[1] Request Nos. 1, 2, and 3, of the CFPB's First Set of Requests for Production of Documents concern customer complaints.  Pursuant to conversations between counsel, Request No. 1 is tabled for now.  Any responsive documents to Request No. 1 will be produced at that time and not in response to Request No. 2, which asks for "all documents concerning oral or written complaints."  However, as Request No. 3 seeks phone messages and audio recordings of complaints, All American's response to Request No. 2 will serve to answer Request No. 3.

Given that there has been no system for the record retention of audio files, any audio recordings *may* be attached to deleted emails.  There are audio recordings attached to 6,205 "deleted" email files from May 2013 to October 2016.  These emails are not separated into "Complaints" or "Praises."  Reviewing all 6,205 deleted emails to determine whether the audio recording is a complaint or praise would cost All American, and counsel for All American, an exorbitant amount of time and expense and does not appear necessary for the CFPB's prosecution of its claims in this case.  Given that All American has produced all written complaints, a complaint log, and the process by which audio recordings are reviewed and retained, All American maintains the position that Requests Nos. 1, 2, and 3 have been sufficiently supplemented.  All responsive documents have been produced, excepting the review and production of the 6,205 emails which may contain audio recordings of complaints.

**RESPONSE:**        Please see Response to Request No. 2.


**REQUEST NO. 4:**    All e-mails sent by, received by, or copied to Defendant Michael E. Gray concerning Defendants' check cashing services, consumer loans, overpayments, or refunds from email accounts other than "michael@allamericancheckcashing.com," excluding e-mails already produced in response to the September 3, 2014 Civil Investigative Demand.

**RESPONSE:**  All American does not have documents responsive to Request No. 2, other than the documents the CFPB has stemming from the CID.  All American states that Michael Gray does not use any non-All American email addresses as a business email for All American.  In the past, Mr. Gray may have copied or forwarded emails sent to a non-business email to his All American email account.  Any such emails should be in the possession of the CFPB.

3

**REQUEST NO. 8:**    All documents concerning the consumer loan policy or program referred to as "Loaning on the 1st and 3rd," "Lending on the 1st and 3rd," the "Monthly Lending Program," and "1st and 3rd Lending," excluding those already produced in response to the September 3, 2014 Civil Investigative Demand.

**RESPONSE:** Please see email dated June 19, 2014, produced as All American 003059 – All American 003063.  Please also see an email dated July 29, 2014, discussing 1st and 3rd document research performed by Brandon Manley, attached as All American 003064 – All American 003066.  All American has not found any other responsive documents other than those produced previously in response to these Requests or in the CID.

**REQUEST NO. 13:**    All documents concerning individuals listed in Sections I.C. and I.H. of the Bureau's June 29, 2016 Rule 26(a)(1) Initial Disclosures (not including the exhibits), including but not limited to all employment records for the individuals listed in Section I.C.

**RESPONSE:**   All American previously provided all responsive documents concerning Section 1.H. at All American 001707 – All American 002505.  All American objects to the CFPB's request that All American produce documents for Section 1.C. such as employee reviews, bonus and promotion information, and exit interviews.  All American maintains that the requested information is not necessary or relevant to the instant litigation.

**REQUEST NO. 14:**    All documents or reports concerning voided transactions for check cashing services, excluding those documents already produced in response to any Civil Investigative Demand.

4

**RESPONSE:**   Please see the comprehensive Excel spreadsheet attached as All American

003067 – All American 003205, which shows the voided checks for years 2014, 2015, and 2016.


**DATED: November 4, 2016.**




Respectfully Submitted,

/s/   Robin H. Rasmussen
Robin H. Rasmussen      (MSB 104729)
Peter D. Baskind, Pro Hac Vice (TN 019962)
Megan B. Ross          (MSB 103609)
Dinkelspiel Rasmussen & Mink, PLLC
1669 Kirby Parkway, Suite 106
Memphis, TN 38120
Telephone:   (901) 754-7770
Facsimile:   (901) 756-7772
E-mail: rrasmussen@drmlawmemphis.com
        pbaskind@drmlawmemphis.com
        mross@drmlawmemphis.com


Dale Danks, Jr. (MS 5789)
Danks, Miller & Cory
213 S. Lamar Street
P.O. Box 1759
Jackson, MS  39215-1759
Telephone:  (601) 957-3101
Facsimile:  (601) 957-3160
E-mail: ddanks@dmc-law.net


Bentley E. Conner (MS 6465)
164 E. Center Street
P.O. Box 563
Canton, MS 39046
Telephone:     (601) 859-6306
Facsimile:     (601) 589-6307
E-mail: bentleyeconner@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was served the following counsel of record on November 4, 2016 via the indicated delivery method:

Gregory K. Davis
United States Attorney
Southern District of Mississippi
501 E. Court Street, Suite 4.430
Jackson, MS 39201
gregory.davis3@usdoj.gov
**Via U.S. Mail**

Mitzi Dease Paige
Assistant United States Attorney
Chief, Civil Division
Southern District of Mississippi
501 E. Court Street, Suite 4.430
Jackson, MS 39201
mitzi.paige@usdoj.gov
**Via U.S. Mail**

Emily Mintz
Michael Favretto
Consumer Financial Protection Bureau
1700 G St. NW
Washington, D.C. 20522
emily.mintz@cfpb.gov
michael.favretto@cfpb.gov
**Via Overnight Delivery**

/s/   Robin H. Rasmussen

k:\all american check cashing\consumer financial protection bureau\discovery\responses\aacc 2nd supplemental responses and objections to cfpb first rfpd.doc

**Exhibit 9**



## DINKELSPIEL RASMUSSEN & MINK PLLC
ATTORNEYS

November 4, 2016

1669 KIRBY PARKWAY
SUITE 106
MEMPHIS, TENNESSEE 38120

TEL (901) 754-7770
FAX (901) 756-7772

ROBERT L. DINKELSPIEL
rdinkelspiel@drmlawmemphis.com
Direct: (901) 759-2460

ROBIN H. RASMUSSEN ᴹ
rrasmussen@drmlawmemphis.com
Direct: (901) 759-2470

M. WAYNE MINK, JR. ᵛ
wmink@drmlawmemphis.com
Direct: (901) 759-2464

PETER D. BASKIND, LL.M.
pbaskind@drmlawmemphis.com
Direct: (901) 759-2472

ANGELA G. LAWSON
alawson@drmlawmemphis.com
Direct: (901) 759-2473

BRANDON F. MCNARY
bmcnary@drmlawmemphis.com
Direct: (901) 759-2467

MEGAN B. ROSS ᴹ
mross@drmlawmemphis.com
Direct: (901) 759-2474

**VIA OVERNIGHT DELIVERY**

Emily Mintz, Esq.
Michael Favretto, Esq.
Stephanie Brenowitz, Esq.
Consumer Financial Protection Bureau
1700 G St. NW
Washington, D.C. 20522

Re:   *CFPB v. All American Check Cashing, Inc., et al.*
       Southern District of MS Case No.: 3:16-cv-00356
       DRM File No.: 011033.0080

Dear Counsel:

Enclosed please find the following items:

1) Defendants' Second Supplemental Responses and Objections to the Plaintiff's First Set of Requests for Production;

2) Data Disc Containing Defendants' Collective Document Disclosure Responsive to Plaintiff's First Set of Requests for Production (Searchable Format as Requested by Counsel);

3) Defendants' Responses and Objections to Plaintiff's Second Set of Requests for Production;

4) Data Disc Containing Defendants' Document Disclosures Responsive to Plaintiff's Second Set of Requests for Production;

5) Bates Number Index for Defendants' Document Disclosure.

As you will see from the enclosed Responses, Responses to Request Nos. 5, 6, 9, and 12 have not been supplemented at this time. All American will wait to supplement Request Nos. 5 and 6 until we receive updated search terms or phrases from the CFPB. As to Request Nos. 9 and 12, we received a substantial number of documents responding to these requests this morning and have not had an opportunity to review them. We would like to discuss a timeline for production of these documents during our call on Monday November 7ᵗʰ at 3:00 p.m.

ᴹ   *Also Licensed in Mississippi*
ᵛ   *Also Licensed in Virginia*



Thank you.

Sincerely,

Megan Ross

Megan Ross


cc:  Counsel of Record; Client.

DINKELSPIEL RASMUSSEN & MINK PLLC
ATTORNEYS

**Exhibit 10**

**Mintz, Emily (CFPB)**

| | |
|---|---|
| **From:** | Mintz, Emily (CFPB) |
| **Sent:** | Monday, November 07, 2016 6:05 PM |
| **To:** | Megan Ross (mross@drmlawmemphis.com) |
| **Cc:** | Katie Alexander; Brenowitz, Stephanie (CFPB); Favretto, Michael (CFPB) |
| **Subject:** | CFPB v. All American Check Cashing, 16cv356 - Follow Up Items from Call |
| **Attachments:** | AACC00702816.msg; AACC00253636.msg |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Hi Megan,

Thank you for speaking just now regarding the Bureau's outstanding discovery requests. Here are the next steps that I recorded from our conversation.

**Bureau's First Request for Documents**

- **Request 3**: To avoid the burden issues raised, we asked Defendants to produce all 6,205 emails with audio recordings identified to the Bureau.

- **Request 4**: We said that we would provide examples of Mr. Gray using a non-All American Check Cashing email address for All American Check Cashing business, other than solely where he copied or forwarded emails. See a couple examples attached.

- **Requests 5-6**: We will provide updated search terms that fit the requirements in the search manual provided by the Defendants. In addition, we requested the following:
  - Defendants produce these emails in a .PST file. Our eDiscovery staff have looked into your system and it appears that it would be substantially easier and quicker for Defendants to download responsive emails into a .PST file than printing them or converting them to PDF. This will allow the Bureau to process the emails here, including removing any duplicates, etc., at our own expense.
  - For this purpose, could you confirm that Defendants used Outlook throughout the applicable time period?

- **Requests 9 & 12**: You stated that you would produce all documents responsive to these requests as quickly as possible. Your best estimate at this point was Nov. 30.

- **Request 13**: With respect to emails about the consumers listed in our initial disclosures, we stated that we will include those in our email search terms.

- **Requests 2 & 14**: We asked if you would inquire with your clients about whether there were responsive materials from May 2013 to December 2013 as well, as the Defendants' responses only mention 2014-2016.

**Bureau's Second Request for Documents**

- **Request 2**: We stated that this request encompasses much more than just the refund checks sent to consumers. It requests all documents concerning Defendants' efforts in 2014 and 2015 to provide refunds to consumers who had made an overpayment, which would include all internal documents relating to these efforts, whether they are internal communications, meeting notes, meeting agendas, spreadsheets, etc.

Thank you,
Emily

Emily Mintz
Enforcement Attorney
Consumer Financial Protection Bureau
(202) 435-9424 (o)
(202) 754-0342 (c)
emily.mintz@cfpb.gov

www.consumerfinance.gov

Confidentiality Notice: If you received this email by mistake, you should notify the sender of the mistake and delete the email and any attachments. An inadvertent disclosure is not intended to waive any privileges.

**Exhibit 11**

**Mintz, Emily (CFPB)**

| | |
|---|---|
| **From:** | Mintz, Emily (CFPB) |
| **Sent:** | Thursday, October 20, 2016 4:46 PM |
| **To:** | Robin Rasmussen |
| **Cc:** | Peter Baskind; Dale Danks; Ben Conner; Katie Alexander; 'Bridgette Lifer (blifer@dmc-law.net)'; Favretto, Michael (CFPB); Brenowitz, Stephanie (CFPB) |
| **Subject:** | CFPB v. All American Check Cashing, 16cv356 - Proposed Search Terms |

Robin, et al.:

As promised, below are proposed search terms for Document Requests 5 and 6. As we discussed, please let us know if Defendants will produce emails using these search terms for the custodians and dates in the requests.

Here are some basic notes regarding the search terms, but please let us know if you have any questions about their intended meaning:

- The searches should look for these terms in both emails and attachments to emails.
- The words should be searched irrespective of capitalization or whether the letters are superscripts or subscripts.
  - For example: "first" returns "First," "1st" returns "1st," etc.
- "X OR Y" means either X or Y or both.
- "*" signifies a wildcard for multiple characters.
  - For example: "month*" returns month, monthly, months, etc.
- "w/X" signifies that the first word appears within X words of the following word.
  - For example: "1st w/5 3rd" returns "1st and 3rd," "1st also 3rd," "1st customers as well as 3rd customers," etc.
- Parentheticals signify the order of operations.
  - For example: "(1st OR first) w/5 (3rd OR third)" returns "1st and 3rd," "1st and third," "first and 3rd," etc.

Search terms:

- (**1st** OR **first**) w/5 (**3rd** OR **3d** OR **third**)
- (**1st** OR **first** OR **3rd** OR **3d** OR **third** OR **monthly**) w/5 (**customer*** OR **relend*** OR **lend*** OR **loan***)
- (**1st** OR **first** OR **3rd** OR **3d** OR **third** OR **monthly**) w/5 (**roll*** OR **flip*** OR **turn*** OR **twice** OR **program**)
- (**SS*** OR "**social security**" OR "**fixed income**" OR **disability**) w/5 (**customer*** OR **relend*** OR **lend*** OR **loan***)
- (**SS*** OR "**social security**" OR "**fixed income**" OR **disability**) w/5 (**roll*** OR **flip*** OR **turn*** OR **twice** OR **program**)
- **credit** w/5 (**remain*** OR **part***OR **half** OR **line** OR **existing**)
- **money** w/5 (**part** OR **portion** OR **turn**)
- **competit***w/5 (**30** OR **thirty**)
- "**1st/3rd**" OR "**1st/3d**" OR "**first/third**" OR "**1st/third**" OR "**first/3rd**" OR "**first/3d**" OR "**SS/SSI**"
- "**1st\3rd**" OR "**1**$^{st}$**\3d**" OR "**first\third**" OR "**1st\third**" OR "**first\3rd**" OR "**first\3d**" OR "**SS\SSI**"
- **month***w/5 (**beg*** OR **mid*** OR **paid**)
- **customer*** w/5 (**complain*** OR **upset** OR **angry** OR **furious** OR **yell*** OR **scream*** OR **shout***)
- **customer*** w/5 (**distract*** OR **overwhelm*** OR **occup*** OR **hotline** OR **roll*** OR **flip***)
- **check*** w/5 (**stamp*** OR **void*** OR **keep**)
- **receipt** w/5 (**cover*** OR **count*** OR **over** OR **keep** OR **remove**)
- (**fee*** OR **percent*** OR **sign***) w/7 (**quote*** OR **never** OR **cover*** OR **hide** OR **block*** OR **tell** OR **state**)
- **overcom*** w/5 **object***
- **bank*** w/5 **hold***
- "**10 Rules**" OR "**Ten Rules**" OR "**5 Rules**" OR "**Five Rules**"

- **offset** w/5 **cleanup**
- "**home office**" w/5 **correct***
- **refund*** OR **overpa*** OR "**credit balance**" OR "**credit balances**"

Thank you,
Emily

Emily Mintz
Enforcement Attorney
Consumer Financial Protection Bureau
(202) 435-9424 (o)
(202) 754-0342 (c)
emily.mintz@cfpb.gov

www.consumerfinance.gov

Confidentiality Notice: If you received this email by mistake, you should notify the sender of the mistake and delete the email and any attachments. An inadvertent disclosure is not intended to waive any privileges.

**Exhibit 12**

**Mintz, Emily (CFPB)**

| | |
|---|---|
| **From:** | Mintz, Emily (CFPB) |
| **Sent:** | Thursday, November 10, 2016 5:23 PM |
| **To:** | Megan Ross |
| **Cc:** | Katie Alexander; Brenowitz, Stephanie (CFPB); Favretto, Michael (CFPB) |
| **Subject:** | RE: CFPB v. All American Check Cashing, 16cv356 - Follow Up Items from Call |
| **Attachments:** | 2016 11 10 AACC Search Terms.xlsx; 2016 11 10 Good Faith Certificate.docx |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Hi Megan,

Thank you for the update. We understand that Defendants have a relatively small home office and the administrative hearing next week, and we have worked hard over the last couple months to narrow our requests and give the Defendants the time needed to respond.

Two follow-up items on our end:

1) I've attached revised search terms for Requests 5 and 6. The first tab is the revised search terms. In the second tab, we formatted these terms based on the Sonian Custom Search Manual that you provided on November 2. We did this formatting to save the Defendants' time, but of course, to the extent we made any errors in how we formatted the search terms, we would expect that Defendants will let us know. As you will see, our requested searches apply to the body of emails and to any attachments.

2) As we discussed, we plan to file a Motion to Compel to address the issues that we have not been able to resolve between the parties, including the applicable time period, the format of the productions, and the audio recordings. I've attached a Good Faith Certificate for that purpose. I'm not sure whether you or Robin will be signing, but I was wondering if you could return it to us by end of day on Monday, Nov. 14. Given the current deadlines in this case, and since we have reached an impasse on these items, we cannot wait any longer to file the Motion to Compel and plan to do so sometime next week.

Also, one clarifying question. I understand that you are working to provide responsive documents by November 30. Does that include documents responsive to our second request in the October 7, 2016 requests for all documents concerning Defendants' efforts in 2014 and 2015 to provide refunds to consumers who had made an overpayment but were not previously provided with a refund?

Thank you,
Emily

Emily Mintz
Enforcement Attorney
Consumer Financial Protection Bureau
(202) 435-9424 (o)
(202) 754-0342 (c)
emily.mintz@cfpb.gov

www.consumerfinance.gov

**Exhibit 13**

## Mintz, Emily (CFPB)

| | |
|---|---|
| **From:** | Mintz, Emily (CFPB) |
| **Sent:** | Tuesday, November 15, 2016 3:58 PM |
| **To:** | Megan Ross (mross@drmlawmemphis.com) |
| **Cc:** | 'Katie Alexander'; Brenowitz, Stephanie (CFPB); Favretto, Michael (CFPB) |
| **Subject:** | Void Report |
| **Attachments:** | Request 14 - Check Cashing Void List.pdf |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Hi Megan-

There are some problems with the check cashing void list produced by Defendants (see attached). Specifically:

- Some of the information (e.g. dates and dollar amounts) is not appearing because of the PDF format – instead it appears as "#######". You can see this on the first page and throughout the document.
- There are a number of blank pages in the PDF document, and it is not clear whether there is supposed to be information on those pages or not. See Bates Numbers 003113-003170.
- There appear to be gaps in dates and entries that are not in chronological order in some places. See, e.g., Bates Number  003177, 003191-92.
- There are graphics covering some information. See, e.g., Bates Number 003192 (bottom of the page).

I think that all of these problems could be easily remedied if Defendants produce the report in its native format, which I assume is Microsoft Excel. Are Defendants willing to do so?

Thank you,
Emily

Emily Mintz
Enforcement Attorney
Consumer Financial Protection Bureau
(202) 435-9424 (o)
(202) 754-0342 (c)
emily.mintz@cfpb.gov

www.consumerfinance.gov

Confidentiality Notice: If you received this email by mistake, you should notify the sender of the mistake and delete the email and any attachments. An inadvertent disclosure is not intended to waive any privileges.