UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
Northern Division

CONSUMER FINANCIAL PROTECTION BUREAU,

    Plaintiff,

v.

ALL AMERICAN CHECK CASHING, INC.;
MID-STATE FINANCE, INC.; and
MICHAEL E. GRAY, individually;

    Defendants.

Case No. 3:16-cv-356-WHB-JCG

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A STAY**

    Defendants All American Check Cashing, Inc., Mid-State Finance, Inc., and Michael E. Gray (collectively, "All American") respectfully move the Court to stay further proceedings in this matter, including discovery and other pretrial proceedings, pending the Court's resolution of All American's forthcoming motion for judgment on the pleadings by newly retained counsel. That motion will raise important questions of pure law—such as the unconstitutional structure of the Consumer Financial Protection Bureau ("CFPB" or "Bureau"), which the U.S. Court of Appeals for the D.C. Circuit and the United States have already agreed with—that could dispose of the entire case. Under these circumstances, there is no point in the parties and the Court working toward a trial that may never happen. Accordingly, All American respectfully requests this stay to avoid unnecessary burdens on the parties and to promote judicial economy and the interests of justice while the Court considers Defendants' forthcoming motion, which will be filed promptly within 30 days.

1

## BACKGROUND

### A.     The Consumer Financial Protection Bureau

The Consumer Financial Protection Act ("CFPA") established the Bureau as an independent agency responsible for overseeing 19 different consumer-protection statutes, 18 of which were previously administered by other agencies.  *See* 12 U.S.C. §§ 5481(12), 5491(a), 5581.  The Bureau is headed by a single Director who serves a five-year term and, under the statute, may not be removed by the President except "for inefficiency, neglect of duty, or malfeasance in office."  *Id.* § 5491(b), (c).  The Director may unilaterally request over half a billion dollars a year in funds from the Federal Reserve without any review by Congress or the President.  *See id.* § 5497(a).  In addition, the CFPA authorizes the Bureau to bring enforcement actions "to prevent a covered person or service provider from committing or engaging in an unfair, deceptive, or abusive act or practice under Federal law."  *Id.* § 5531(a); *see also id.* § 5536(a).

### B.     Factual and Procedural Background

All American has offered check cashing and lending services to consumers in Mississippi, Louisiana, and Alabama for nearly two decades.  *See* Defs.' Answer, Dkt. 26, at 1.  All American's business practices are heavily regulated by state law.  *See* Miss. Code Ann. § 75-67-517 (establishing check-cashing fees); *id.* § 75-67-519(5) (establishing loan fees); La. Rev. Stat. § 9:3578.4 (regulating short-term consumer loans); Ala. Code §§ 5-18A-12(b), 5-18A-13(c) (same).  On May 11, 2016, the CPFB brought an enforcement action against All American for allegedly engaging in "unfair," "deceptive," and "abusive," practices.  *See* Compl., Dkt. 1; 12 U.S.C. § 5531(a).  Discovery is ongoing.  On March 20, 2017, the Court ordered discovery to be completed by June 16, 2017, and dispositive motions to be filed by July 14, 2017.  Case

Management Order, (Mar. 20, 2017). Pretrial conference, with a proposed pretrial order, is set for December 7, 2017, and a four-week bench trial is scheduled to start on January 2, 2018. *Id.*

## ARGUMENT

"A district court has inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (internal quotation marks omitted). Accordingly, a "trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). In addition, Federal Rule of Civil Procedure 26(c)(1) allows courts to stay discovery for good cause to "protect a party or person from . . . undue burden or expense." *See Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435–36 (5th Cir. 1990) (internal quotation marks omitted); *see also Dowdy & Dowdy P'ship v. Arbitron, Inc.*, No. 2:09-cv-253 KS-MTP, 2010 WL 3893915 at *1 (S.D. Miss. Sept. 30, 2010) (good cause to stay discovery exists where "resolution of preliminary motion may dispose of entire action"). Even where discovery has already commenced, good cause exists for a stay where a pending dispositive motion might "sav[e] time and expense." *Landry*, 901 F.2d at 436; *see also Federal Ins. Co. v. New Hampshire Ins. Co.*, No. 03-385, 2010 WL 1757932, at *3 n.2 (M.D. La. Apr. 30, 2010) (listing cases).

In *Federal Insurance*, the court granted the defendant's request for a stay of discovery, and denied the plaintiff's motion to compel a deposition, after the defendant filed a "summary judgment motion [that] presents a pure question of law relating to contractual interpretation, which could potentially dispose of the entire case without the necessity of the discovery requested by" the plaintiff. *Id.* at *2–3; *see also, e.g., Brazos Valley Coal. for Life, Inc. v. City of Bryan*, 421 F.3d 314, 327 (5th Cir. 2005) (stay of discovery was properly granted where "additional discovery"

would not "have been necessary to answer . . . purely legal questions"); *Am. Gen. Life Ins. Co. v. Hannah*, No. 1:12-CV-00087-GHD-DAS, 2012 WL 6132507, at *2 (N.D. Miss. Dec. 10, 2012) (staying discovery "pending the resolution of the motion for summary judgment and the motion for judgment on the pleadings, both of which raise questions of law that cannot be answered by discovery").

Here, too, good cause exists for a stay of discovery to allow this Court to adjudicate All American's motion for judgment on the pleadings, which will be filed within the next 30 days by All American's newly retained counsel at Gibson, Dunn & Crutcher LLP. *See Dowdy & Dowdy P'ship*, 2010 WL 3893915 (granting stay of discovery after defendants filed motions for judgment on the pleadings). All American's motion for judgment on the pleadings will raise important, case-dispositive issues of law that, if decided in All American's favor, would make any further discovery "unduly burdensome, expensive and for naught." *Dresser v. MEBA Med. & Benefits Plan*, No. 08-2662, 2008 WL 2705584, at *2 (E.D. La. July 10, 2008) (granting stay of discovery pending ruling on motion to dismiss).

## I. All American's Forthcoming Motion Will Raise Several Substantial Grounds For Disposing Of This Enforcement Action On The Pleadings.

First and foremost, All American's motion will demonstrate that this enforcement action should be dismissed because the CFPB is an unconstitutional agency without the proper authority to have launched this enforcement action in the first place. Gibson Dunn represents the petitioner that recently prevailed on this very issue before a three-judge panel of the U.S. Court of Appeals for the D.C. Circuit. There, in a thorough and well-reasoned opinion by Judge Kavanaugh, the Court found the CFPB to be unconstitutionally structured based on the CFPB Director's unprecedented lack of accountability to the President. *See PHH Corp. v. CFPB*, 839 F.3d 1 (D.C. Cir. 2016), *reh'g en banc granted* (Feb. 16, 2017). As the Court explained, the CFPA places

4

sweeping and unprecedented legislative, executive, and judicial power all "in the same hands" of a single person—"the very definition of tyranny." *The Federalist No. 47*, at 301 (Madison) (Clinton Rossiter ed., 1961). Worse, although the CFPB's single Director has unprecedented power and discretion, he is subject to no restraints from the representative branches; Congress sharply restricted the President's ability to remove the Director and also surrendered its own power of the purse, allowing the Director to fund his own agenda by demanding up to 12% of the Federal Reserve's budget. Indeed, the United States **agrees** that the CFPB is unconstitutional as presently structured. *See* Brief for the United States as *Amicus Curiae*, *PHH Corp. v. CFPB*, No. 15-1177 (D.C. Cir. Mar. 17, 2017) ("Vesting such power in a single person not answerable to the President constitutes a stark departure from [the constitutional] framework.").

In *Free Enterprise Fund v. Public Company Accounting Oversight Board*, the Supreme Court confirmed that the Constitution generally forbids limiting the President's power to hold executive officers accountable by removing them from office. 561 U.S. 477, 483 (2010). There, the Court struck down an agency's "novel structure" because it conferred unprecedented insulation from constitutional accountability. *Id*. at 496. Here, too, Congress created an agency that is antithetical to the separation of powers and is unlike any that the Supreme Court has ever condoned. As the court recognized in *PHH*, the CFPB concentrates "massive, unchecked power in a single Director" who serves a five-year term, meaning that "[a] President may be stuck for his or her entire four-year term with a single Director appointed by a prior President with different views." *Id.* at 17, 33. And the Director's unaccountability is particularly concerning because he alone is responsible for deciding "how to enforce, when to enforce, and against whom to enforce the law, and what sanctions and penalties to impose on violators." *Id.* at 6, 16.

This case presents another textbook example of what happens when one person is vested with such unbridled federal authority, as the CFPB has used its massive power to bring this enforcement action under a vague and nearly limitless statute against a company that has been operating for decades in Mississippi with a long record of compliance with state law.

The CFPB's constitutional infirmities mean that it "had no authority to bring an enforcement action" against All American in the first place, *FEC v. Legi-Tech, Inc.*, 75 F.3d 704, 706–07 (D.C. Cir. 1996), and hence these proceedings were unlawful *ab initio*. The proper remedy, therefore, is for this Court to dismiss this case. *See id.*; *Ryder v. United States*, 515 U.S. 177, 182–84 & n.3 (1995); *N. Pipeline Constr. Co. v. Marathon Pipe Co.*, 458 U.S. 50 (1982) (dismissing petitioner's bankruptcy action because bankruptcy judge lacked authority to decided contract claim).

All American's forthcoming motion will also demonstrate that this action should be dismissed because the CFPB's overbroad interpretation of 12 U.S.C. § 5536(a)'s prohibition on "unfair, deceptive, and abusive act[s] or practice[s]" improperly intrudes on traditional areas of state law. Where a federal statutory prohibition uses "expansive language," courts should "refer to basic principles of federalism embodied in the Constitution" to determine the statute's scope. *Bond v. United States*, 134 S. Ct. 2077, 2090 (2014). Accordingly, "it is incumbent upon the federal courts to be certain of Congress' intent before finding that federal law overrides the usual constitutional balance of federal and state powers." *Id.* at 2089 (internal quotation marks omitted).

Here, the CFPB's attempt to use Section 5536 to impose its own, generalized view of fairness on check-cashing and payday-lending businesses upsets the constitutional balance by federalizing conduct that is already subject to heavy regulation at the state level. *See, e.g.*, Miss. Code Ann. § 75-67-517; *id.* § 75-67-519(5); La. Rev. Stat. § 9:3578.4; Ala. Code §§ 5-18A-12(b),

5-18A-13(c).  Indeed, as the CFPB is well aware, All American is currently involved in state proceedings related to the same allegations in the CFPB's complaint.  *See* Dkt. 30-1, Mintz Declaration, Ex. 3, at 1–4 (Aug. 26, 2016) (agreement between the CFPB and the Mississippi Department of Banking and Consumer Finance).  The CFPB's initiation of duplicative proceedings under federal law exemplifies the extent to which its broad interpretation of Section 5536 "alter[s] sensitive federal-state relationships" by "intrud[ing] upon the police power of the States."  *Bond*, 134 S. Ct. at 2092.

These are just two of the reasons why All American is entitled to judgment on the pleadings, and why further proceedings unrelated to All American's forthcoming motion would be unduly burdensome.  The CFPB's complaint against All American is deficient for other reasons as well—for example, it has deprived All American of its constitutional right to fair notice of legally prohibited conduct under ill-defined terms that the Director himself has said cannot be usefully defined, *see How Will the CFPB Function Under Richard Cordray: Hearing before the Subcommittee on TARP, Fin. Servs. & Bailouts of Pub. & Private Programs*, 112th Cong., 112-107 at 69 (2012) (the CFPB has "been looking at" the term "abusive" and "trying to understand it, and . . . ha[s] determined that it is going to have to be a fact and circumstances issue . . . probably not useful to try to define a term like that in the abstract; we are going to have to see what kind of situations arise where that would seem to fit the bill") (statement of R. Cordray), and has sought to impose a harsh and unconstitutional individual liability standard on Michael Gray, the owner of All American.  Thus, All American is likely to prevail on one or more of its grounds for disposing of this case.

## II. This Court Should Stay Further Proceedings Pending Adjudication Of All American's Forthcoming Motion.

In light of the several significant grounds for fully disposing of this action on the pleadings, which will be more fully briefed in All American's forthcoming motion, it would be a waste of the parties' time and resources, as well as the Court's, for further pre-trial proceedings to continue before the motion has been adjudicated. *See Landry*, 901 F.2d at 436. There is no point working toward a trial that may never happen.

First, as shown above, the CFPB's suit suffers from numerous legal defects, and a ruling on the forthcoming motion for judgment on the pleadings will likely fully resolve the case without the need for discovery. Second, the CFPB does not need discovery to respond to All American's forthcoming motion, as it will involve pure issues of law. Third, given the lack of any time-sensitive issues related to this dispute, a stay of further proceedings would impose no prejudice on the CFPB. That is especially so in light of the duplicative and ongoing state proceedings involving the same allegations as this case. Finally, and most importantly, allowing discovery to proceed in this case would impose a significant and undue burden on All American by requiring it to bear the expense of six more weeks of discovery, including depositions, that will ultimately serve no purpose if the Court grants All American's forthcoming motion for judgment on the pleadings. For example, absent a stay seven depositions will be held in the coming weeks, scattered all over the country (Birmingham, AL; Jackson, MS; Little Rock, AR; Chicago, IL; and Washington, DC)—including the deposition of Mr. Gray and a Rule 30(b)(6) deposition covering 17 different subject matters. Further, in the short time since this Court entered its discovery order on March

16, 2017 (Dkt. 92), the CFPB has issued five additional sets of written discovery, including 77 Requests for Admissions.[1]

In short, in the face of numerous constitutional and legal infirmities, the parties should not be required to continue expending significant time and resources on, and the Court to oversee, discovery and other pre-trial proceedings in this matter until this Court determines whether the case will even continue. A stay of proceedings while the Court resolves the legal issues presented by All American's forthcoming motion for judgment on the pleadings will promote efficiency and the interests of justice.

## CONCLUSION

For these reasons and the reasons that will be set forth in All American's forthcoming motion for judgment on the pleadings, All American respectfully requests that the Court stay further proceedings in this matter, including discovery and other pre-trial proceedings, pending a ruling on All American's forthcoming motion for judgment on the pleadings, and accordingly suspend pending deadlines in this matter until the resolution of All American's forthcoming motion.

---

[1] Nothing in this motion will affect All American's compliance with this Court's order granting the CFPB's motions to compel, dated March 16, 2017 (Dkt. 92). All American has already produced documents in response to that order and will continue to do so notwithstanding any stay entered by this Court.

| | |
|---|---|
| Dated:  May 8, 2017 | Respectfully submitted, |
| | /s/   Robin H. Rasmussen |
| Theodore B. Olson* | Robin H. Rasmussen (MSB 104729) |
| Helgi C. Walker* | Peter D. Baskind, *pro hac vice* (TN 019962) |
| Joshua S. Lipshutz* | DINKELSPIEL RASMUSSEN & MINK, PLLC |
| Lochlan F. Shelfer* | 1669 Kirby Parkway, Suite 106 |
| GIBSON, DUNN & CRUTCHER LLP | Memphis, TN 38120 |
| 1050 Connecticut Avenue, N.W. | Telephone:  (901) 754-7770 |
| Washington, D.C.  20036 | Facsimile:  (901) 756-7772 |
| Telephone:  (202) 955-8500 | E-mail: rrasmussen@drmlawmemphis.com |
| Facsimile:  (202) 530-9575 | |
| Email:  tolson@gibsondunn.com | Dale Danks, Jr. (MS 5789) |
| hwalker@gibsondunn.com | DANKS, MILLER & CORY |
| jlipshutz@gibsondunn.com | 213 S. Lamar Street |
| lshelfer@gibsondunn.com | P.O. Box 1759 |
| | Jackson, MS  39215-1759 |
| | Telephone:  (601) 957-3101 |
| | Facsimile:  (601) 957-3160 |
| | E-mail: ddanks@dmc-law.net |
| | |
| | Bentley E. Conner (MS 6465) |
| | 164 E. Center Street |
| | P.O. Box 563 |
| | Canton, MS 39046 |
| | Telephone:  (601) 859-6306 |
| | Facsimile:  (601) 589-6307 |
| | E-mail: bentleyeconner@gmail.com |
| | *Counsel for Defendants* |

---

\*   Application for admission *pro hac vice* pending.

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was served via the Court's ECF system on the following counsel of record on May 8, 2017:

Mitzi Dease Paige
Assistant United States Attorney
Chief, Civil Division
Southern District of Mississippi
501 E. Court Street, Suite 4.430
Jackson, MS 39201
mitzi.paige@usdoj.gov

Emily Mintz
Michael Favretto
Stephanie Brenowitz
Consumer Financial Protection Bureau
1700 G St. NW
Washington, D.C. 20522
emily.mintz@Government.gov
michael.favretto@Government.gov

                                    /s/   Robin H. Rasmussen