# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

CONSUMER FINANCIAL PROTECTION
BUREAU                                                                                   PLAINTIFF

v.                                          CIVIL ACTION NO. 3:16-cv-356-WHB-JCG

ALL AMERICAN CHECK CASHING, INC.,
MID-STATE FINANCE, INC., and
MICHAEL E. GRAY, individually                                          DEFENDANTS

## ORDER DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS
## (ECF NO. 116)

Before the Court is a Motion to Stay Proceedings (ECF No. 116) filed by Defendants All American Check Cashing, Inc., Mid-State Finance, Inc., and Michael E. Gray. Having considered the Motion's accompanying Memorandum in Support (ECF No. 117), relevant legal authority, and the record as a whole, the Court finds that Defendants' Motion to Stay Proceedings (ECF No. 116) should be DENIED

This Consumer Financial Protection Act enforcement action was filed on May 11, 2016. The initial Case Management Order, entered July 7, 2016, set trial for Senior District Judge Barbour's June 2017 trial calendar. This original trial setting has since been twice continued: to an October 2017 trial calendar and, most recently, to Judge Barbour's January 2018 trial calendar. The current case management deadlines, set by Text Order dated March 20, 2017, provide for a discovery deadline of June 16, 2017, a deadline to submit dispositive and *Daubert* motions of July 14, 2017, and a pretrial conference on December 7, 2017.

On May 8, 2017, Defendants filed the instant Motion to Stay Proceedings (ECF No. 116), in which Defendants seek to "stay further proceedings in this matter, including discovery and other pretrial proceedings, pending the Court's resolution of All American's forthcoming motion for judgment on the pleadings by newly retained counsel." (ECF No. 117, at 1). Because this yet-filed motion – which "will be filed promptly within 30 days" – "will raise important questions of pure law … that could dispose of the entire case," Defendants submit that "there is no point in the parties and the Court working toward a trial that may never happen." *Id.* Accordingly, Defendants seek a stay of proceedings "to avoid the unnecessary burdens on the parties and to promote judicial economy and the interests of justice." *Id.*

The ability to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). The decision whether to stay proceedings is within the Court's discretion. *See Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 649 (5th Cir. 2000). "When exercising its discretion, the Court is 'guided by the policies of justice and efficiency.'" *Reichert v. Mark Starring & Assocs., Inc.*, No. CIV.A. 11-2171, 2011 WL 5078279, at *1 (E.D. La. Oct. 26, 2011) (citation omitted).

The Court finds Defendants' arguments to be unconvincing. As an initial matter, Defendants seek a stay of proceedings pending ruling on a motion for judgment on the pleadings that has not even been filed. The Court will not stay proceedings based upon representations that a motion will be filed at some future to-be-determined date. Moreover, a motion for judgment on the pleadings may be filed "[a]fter the pleadings are closed[,] but early enough not to delay trial." Fed. R. Civ. P. 12(c). In thirty days, discovery will be nearly closed. By the time the anticipated motion would be fully briefed, the dispositive motion deadline would be fast approaching. This would undoubtedly delay trial. The court will not stay proceedings for an untimely motion.

Defendants' stated concerns over the "waste of the parties' time and resources, as well as the Court's" should "further pre-trial proceedings … continue before the motion has been adjudicated" are not supported by the manner in which this case has proceeded thus far. (ECF No. 117, at 8). Both parties and the Court have already expended considerable time and resources, and the end of discovery now approaches. This case is nearer its resolution than its infancy. The Court is not convinced that a stay of proceedings at this point serves the interests of justice and efficiency.

Defendants' remaining arguments in favor of a stay essentially amount to self-belief in the merits of their anticipated motion. Defendants state that the anticipated motion for judgment on the pleadings will assert that "this enforcement action should be dismissed because the [Consumer Financial Protection Bureau] is

an unconstitutional agency without the proper authority to have launched this enforcement action in the first place." *Id.* at 4. Defendants assert that because "All American is entitled to judgment on the pleadings, … further proceedings unrelated to All American's forthcoming motion would be unduly burdensome." *Id.* at 7. The Court will not stay proceedings based upon this self-serving assertion that Defendants' yet-filed motion will be meritorious.

Accordingly, **IT IS HEREBY ORDERED** Defendants' Motion to Stay Proceedings (ECF No. 116) is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 10th day of May, 2017.

/s/ *John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE