IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CONSUMER FINANCIAL PROTECTION
BUREAU                                                           PLAINTIFF

v.                                    CIVIL ACTION NO. 3:16-cv-356-WHB-JCG

ALL AMERICAN CHECK CASHING, INC.,
MID-STATE FINANCE, INC., and
MICHAEL E. GRAY, individually                              DEFENDANTS

<u>ORDER GRANTING PLAINTIFF'S THIRD MOTION TO COMPEL
DISCOVERY RESPONSES (ECF NO. 139), AND GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'
RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION OR, IN THE
ALTERNATIVE, TO DETERMINE THE SUFFICIENCY OF DEFENDANTS'
RESPONSES (ECF NO. 141)</u>

Before the Court are two motions filed by Plaintiff, the Consumer Financial

Protection Bureau: a Third Motion to Compel Discovery Responses (ECF No. 139),

and a Motion to Strike Defendants' Responses to Plaintiff's Requests for Admission

or, in the Alternative, to Determine the Sufficiency of Defendants' Responses (ECF

No. 141). The matter is fully briefed: Defendants All American Check Cashing, Inc.,

Mid-State Finance, Inc., and Michael E. Gray filed Responses in Opposition (ECF

No. 158); (ECF No. 159), and Plaintiff filed Replies (ECF No. 164); (ECF No. 167).

Having considered the submissions of the parties and relevant legal authority, the

Court finds that Plaintiff's Third Motion to Compel Discovery Responses (ECF No.

139) should be GRANTED and Plaintiff's Motion to Strike Defendants' Responses to

Plaintiff's Requests for Admission or, in the Alternative, to Determine the

Sufficiency of Defendants' Responses (ECF No. 141) should be GRANTED IN PART

and DENIED IN PART. Because the deadline for completing discovery has since passed, the Court will grant a limited extension of the discovery period for the sole purpose of complying with the discovery responses ordered. The deadline for filing dispositive and *Daubert*-style motions will similarly be extended to accommodate the new discovery.

## I. BACKGROUND

Plaintiff, the Consumer Financial Protection Bureau ("the Bureau" or the "CFPB") – which is an independent agency of the Federal Government – filed its Complaint (ECF No. 1) on May 11, 2016. The Complaint alleges that Defendants All American Check Cashing Inc., Mid-State Finance, Inc., and Michael E. Gray violated the Consumer Financial Protection Act ("CFPA") "by engaging in unfair, deceptive, and abusive acts and practices in connection with their offering and providing of payday loans and check cashing services to consumers." (ECF No. 14, at 1).

### A. The Bureau's Motion to Compel

On March 3, 2017, the Bureau served Defendants with its Second Set of Interrogatories and Third Requests for Production of Documents, which consisted of nine interrogatories and nineteen requests for production of documents, respectively. (ECF No. 139-5); (ECF No. 139-6). The parties met and conferred regarding these discovery requests on April 7, 2017, during which "the Bureau narrowed the scope of certain document requests in response to [Defendants'] objections, and clarified others in response to [Defendants'] questions." (ECF No.

140, at 3). Defendants then provided responses to thirteen of the requests for production and six of the interrogatories on April 17, 2017. (ECF No. 139-9); (ECF No. 139-10). Dissatisfied with these responses, the Bureau arranged for a second meet-and-confer on May 8, 2017, during which Defendants asserted their intention to supplement some of these responses. (ECF No. 140, at 3). Defendants have not provided any supplementation to date, other than to reproduce certain emails in their native format, which had been previously produced as a single, unsearchable PDF in violation of this Court's prior Order (ECF No. 92). (ECF No. 155).

On May 23, 2017, the Bureau filed the instant Third Motion to Compel Discovery Responses (ECF No. 139). As modified by the Bureau's later-filed Reply brief (ECF No. 164, at 10), the Bureau seeks (1) to compel Defendants to fully respond to Interrogatories 4-6, and 8 from the Bureau's Second Set of Interrogatories and (2) to compel Defendants to "provide all non-privileged documents responsive" to Requests 10-15 from the Bureau's Third Requests for Production of Documents. (ECF No. 140, at 25).

B. <u>The Bureau's Motion to Strike Defendants' Responses to Requests for Admission or to Determine Their Sufficiency</u>

On April 5, 2017, the Bureau served Defendants with its First Sets of Request for Admissions via email and first class mail. (ECF No. 141-5); (ECF No. 141-6). Defendants did not respond to the Bureau's Requests for Admissions until Wednesday, May 10, 2017, thirty-five days after having been served. (ECF No. 141-7, at 22). The parties conducted a meet-and-confer on May 17, 2017 to discuss the Bureau's perceived untimeliness and inadequacy of Defendants' responses. (ECF

No. 142, at 3). Unable to resolve these disputes, the Bureau filed the instant Motion to Strike Defendants' Responses to Plaintiff's Requests for Admissions or, in the Alternative, to Determine the Sufficiency of Defendants' Responses (ECF No. 142). The Bureau seeks to have the Court either (1) strike Defendants' untimely objections and responses and deem the Bureau's Requests admitted, or (2) compel adequate responses to Requests 4, 6-7, 14, 21-24, 27-28, 50, 64, 67, 69-71, and 74. *See* (ECF No. 142).

## II. <u>DISCUSSION</u>

### A. <u>Legal Standard</u>

In reviewing a motion to compel, courts must take into account that discovery rules "are to be accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials." *Herbert v. Lando,* 441 U.S. 153, 176 (1979). "At some point, however, discovery yields diminishing returns, needlessly increases expenses, and delays the resolution of the parties' dispute." *Willis v. City of Hattiesburg*, No. 2:14-cv-89-KS-MTP, 2016 WL 918038, at *2 (S.D. Miss. Mar. 10, 2016). Indeed, "[d]iscovery is not a license for the plaintiff to 'go fishing' and is limited to information that 'is relevant to any party's claim or defense.'" *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir.), *cert. denied,* 136 S. Ct. 485 (2015) (citing *Marshall v. Westinghouse Elec. Corp.,* 576 F.2d 588, 592 (5th Cir. 1978); Fed. R. Civ. P. 26(b)(1)). "Finding a just and appropriate balance in the discovery process" is thus one of the Court's key responsibilities. *Willis*, 2016 WL 918038, at *2. "It hardly bears repeating that control of discovery is committed to the sound

discretion of the trial court...." *Van Duzer v. U.S. Bank Nat. Ass'n*, 582 F. App'x 279, 283 (5th Cir. 2014) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

In addition to relevance, Federal Rule of Civil Procedure 26(b)(1) requires that matters be "proportional to the needs of the case" in order to be discoverable. Considerations include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). However, "[i]nformation within [Rule 26's] scope of discovery need not be admissible in evidence to be discoverable." *Id.*

B. <u>Analysis</u>

1. <u>The Bureau's Third Motion to Compel Discovery Responses</u>

The Bureau's Third Motion to Compel Discovery Responses (ECF No. 139) seeks (1) to compel Defendants to fully respond to Interrogatories 4-6, and 8 from the Bureau's Second Set of Interrogatories and (2) to compel Defendants to "provide all non-privileged documents responsive" to Requests 10-15 from the Bureau's Third Requests for Production of Documents. (ECF No. 140, at 25). The Bureau asserts that Defendants have provided evasive and inadequate responses to Interrogatories 4-6, and 8. Defendants argue that their responses to these interrogatories were, in fact, adequate, and that any additional information sought by the Bureau should be denied as irrelevant or "unjustified."

Federal Rule of Civil Procedure 33, which governs interrogatories, provides, "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3); *see also Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616 (5th Cir. 1977). Rule 37(a)(3) relatedly provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(3). "Discovery by interrogatory requires candor in responding." *Dollar*, 561 F.2d at 616. "The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information. A partial answer by a party reserving an undisclosed objection to answering fully is not candid. It is evasive." *Id.* at 617.

Interrogatories 4-6 collectively seek (1) the identification of Defendants' present or past employees who may have charged customers alternative check-cashing fees than those listed in All American's Check Cashing Fee Structure, (2) the identification of anyone with whom Defendants have ever had an agreement that resulted in charging such an alternative fee, and (3) a description of the contents of any such agreement. After stating meritless objections,[1] Defendants respond (1) that Michael E. Gray is the only employee who may have made any such agreement, (2) that no such formal agreements were made, but Mr. Gray may have

---

[1] Defendants object (1) on the basis of relevance, (2) to the temporal scope as being outside the applicable statute of limitations for the Bureau's claims, and (3) on the basis of lack of clarity. This information is plainly relevant to the claims in the Bureau's Complaint. The objection premised upon the applicable statute of limitations has been previously addressed and rejected by the Court. *See* (ECF No. 92, at 10-13). As to clarity, Defendants' responses demonstrate that they understood the Bureau's inquiries.

made some informal agreements, and (3) that the request for a description of any such agreement seeks a description of documents, which speak for themselves.

Defendants' responses do not fully and fairly respond to the Bureau's interrogatories. Defendants' responses perhaps suggest a lack of sufficient knowledge without definitively stating so. Alternatively, Defendants' responses may simply suggest lack of reasonable inquiry before responding. But neither explanation is given, and the latter would be a patently inadequate response. Michael E. Gray would seemingly know whether he has created any alternative fee arrangements and, if so, the other persons party to these agreements, as well as the contents of such agreements. Regardless, "[i]f a party is unable to supply the requested information, the party…must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.'" *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996). As far as Defendants' response to Interrogatory 6, that the request seeks a description of the contents of documents that speak for themselves, this is contradicted by Defendants' indication that no formal alternative fee agreements were made. Defendants also did not produce any documents in response to Interrogatory 6. Defendants will be ordered to adequately respond to Interrogatories 4-6.

Interrogatory 8 asks Defendants to "[s]pecify journal entries in Defendants' General Ledger showing the debits and corresponding credits associated with Zeroing-Out the Credit Balances in consumers' accounts from July 21, 2011 to December 31, 2015." Defendants' primary objection is on the basis of the

burdensomeness of the request. Defendants estimated that it would take 36 full days to complete the requested inquiry. Accordingly, the Bureau narrowed the temporal scope of its request to Refunds issued on and between March 3-17, 2014, March 5-19, 2015, and May 14-28, 2015, and Refunds processed with a "Trans Date" – according to a particular document previously produced by Defendants – between January 23, 2015 and February 5, 2015. (ECF No. 139-13, at 3). Defendants never responded to this modified request, but still object on the basis of the burden of responding. Defendants estimate that the inquiry would require four to five eight-hour days to complete. (ECF No. 158, at 7).

It is unclear whether this is an estimate of how long it would take to complete the modified request, or whether this is a modified estimate of how long compliance with the original request would take. Regardless, the interrogatory seeks information relevant to the Bureau's claims, and four to five days' time is no undue burden. Defendants will be required to respond to the narrowed requests of the modified version of Interrogatory 8.

Turning to Requests for Production 10-15, the Court finds that Defendants should also be compelled to comply with these discovery requests. The requests read as follows:

> **Request 10**: All Materials supporting the contention that Defendants extended loans to consumers paid monthly in the beginning of a month and then required these consumers to pay back those loans in full in the middle of the month with funds other than from another loans from Defendants.

**11**. All Materials supporting the contention that Defendants loaned consumers paid monthly part of their credit limit in the beginning of a month and then required these consumers to pay back that amount in full in the middle of the month with funds other than from another loan from Defendants.

**12**. All Materials supporting the contention that Defendants' employees voided or cancelled a check cashing transaction promptly upon the request of a consumer.

**13**. All Materials supporting the contention that Defendants' employees informed a consumer about the amount of the fee or the fee percentage for cashing a check.

**14**. All Materials concerning why Defendants' employees must "[c]ount money out over receipt" when cashing a check. *See* Defendants' Answer, ECF. No. 26, Ex. E.

**15**. All Materials concerning when in the course of a check cashing transaction Defendants' employees stamp a consumer's check with a "For Deposit Only: All American Check Cashing, Inc." stamp. *See* Defendants' Answer, ECF. No. 26, ¶27.

(ECF No. 139-6, at 9). The Bureau later narrowed Request 13 to materials supporting the contention that Defendants' employees informed a consumer about the amount of the fee or the fee percentage for cashing a check "*either by telling the consumer the fee or fee percentage orally or by indicating to the consumer the fee or fee percentage on the check cashing receipt or the sign posted in the store*." (ECF No. 139-8, at 1) (emphasis added). Defendants generally objected, asserting that these requests "attempt to invade the attorney work product doctrine" and are overly broad. (ECF No. 139-10). Defendants also lodged more specific objections to certain requests.

In response to Requests 10 and 11, Defendants objected that these seek information regarding activity subject to state, not federal law, and on the basis that they "assume[] that all individuals 'paid monthly' do not receive any other income during the course of the month." *Id.* at 5-6. In response to Request 12, Defendants object that the request "requires All American to ascertain the time involved in every check cashing void over the course of its history" and "fails to define 'promptly.'" *Id.* at 6-7. Defendants objected to Request 14 on the basis of relevance. *Id.* at 7. Defendants objected to Request 15, stating, "By the plain language of the [applicable paragraph of the referenced Answer], there is no specific policy. The [Bureau] should restate its request to better indicate the information it seeks." *Id.* at 8. Defendants produced no documents in response to these requests for production. It should also be noted that Defendants offered no response to the Bureau's narrowed version of Request 13.

None of Defendants' objections hold water. The Bureau does not seek documents protected by the work-product doctrine, and the requests are not overly broad. To the extent that Request 13 was overbroad as originally constructed, it is not as subsequently modified. The objection specific to Requests 10 and 11 essentially ask the Court to find that the sections of the CFPA relied-upon by the Bureau in bringing this enforcement action are unconstitutional. Defendants have already made this argument in their pending Motion for Judgment on the Pleadings (ECF No. 144), and the Court will not rule upon this issue in the context of a

discovery dispute. This litigation is predicated upon federal statutes and conduct allegedly in violation of those federal statutes. The objection is overruled.

Request 12 seeks documents that support Defendants' denial of the Bureau's allegation that All American "makes it difficult or impossible for consumers to cancel a check cashing transaction and that [All American] employees falsely told consumers that voiding a transaction took a long time." (ECF No. 140, at 18). In this context, Defendants' objection clearly misses the mark. The objection to Request 12 is overruled.

The objections to Requests 14 and 15 are similarly off point. Whether Defendants think the referenced document supports the contention made in the document request is irrelevant. Requests 14 and 15 seek documents that are plainly relevant to the claims and defenses at issue in the case. If Defendants do not have responsive documents to produce, they should simply say so.

Defendants are required to produce documents responsive to Requests 10-15 (to Request 13, as amended), and if no responsive documents exist, Defendants must state so.

2. The Bureau's Motion to Strike Defendants' Responses to Plaintiff's Requests for Admission or, in the Alternative, to Determine the Sufficiency of Defendants' Responses

The Bureau's Motion to Strike Defendants' Responses to Plaintiff's Requests for Admission or, in the Alternative, to Determine the Sufficiency of Defendants' Responses (ECF No. 140) seeks to have the Court strike Defendants' responses to the Bureau's two sets of Requests for Admission as untimely, or, alternatively, deem

certain of Defendants' responses insufficient. The Bureau argues (1) that "Defendants failed to respond to the Bureau's two sets of Requests for admission within the time period expressly set forth in Fed. R. Civ. P. 36(a)(3)" and (2) that "even if the Court forgives Defendants' inexplicable neglect, many of All American's objections and responses do not comply with the plain language of Fed. R. Civ. P. 36 or relevant case law." (ECF No. 142, at 1-2). Defendants respond (1) that it is "simply not in the interest of justice" for this Court to "strike All American's Responses because of a simple disagreement of timing and just two days' time" and (2) that "All American has made a good faith effort to respond as fully as it [is] capable" to the seventeen responses with which the Bureau takes issue. (ECF No. 159, at 2).

Requests for Admission are governed by Federal Rule of Civil Procedure 36, which provides,

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>     (A) facts, the application of law to fact, or opinions about either; and
>     (B) the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1). Once served with a request for admission, a party must respond within thirty days by serving the requesting party with "a written answer or objection addressed to the matter and signed by the party or its attorney." *Id.*(a)(3). A requested matter is deemed admitted by default if not timely responded to. *Id.*; *Keycorp v. Holland*, No. 3:16-cv-1948-D, 2016 WL 6277813, at *6 (N.D. Tex. Oct. 26, 2016) (citing *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001)).

If a matter is not admitted,

> the answer must specifically deny it or state in detail why
> the answering party cannot truthfully admit or deny it. A
> denial must fairly respond to the substance of the matter;
> and when good faith requires that a party qualify an
> answer or deny only a part of a mater, the answer must
> specify the part admitted and qualify or deny the rest. The
> answering party may assert lack of knowledge or
> information as a reason for failing to admit or deny only if
> the party states that it has made reasonable inquiry and
> that the information it knows or can readily obtain is
> insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). If the requesting party is unsatisfied with the responses it receives, "[t]he requesting party may move to determine the sufficiency of an answer or objection." *Id.*(a)(6). "Unless the court finds an objection justified, it must order than answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." *Id.*

As conceded by Defendants, "[t]he sequence of events leading up to the Bureau's Motion is largely undisputed." (ECF No. 159, at 1). On April 5, 2017, the Bureau served Defendants with its First Sets of Request for Admissions via email and first class mail. (ECF No. 141-5); (ECF No. 141-6). Defendants did not respond to the Bureau's Requests for Admission until Wednesday, May 10, 2017, thirty-five days after having been served. (ECF No. 141-7, at 22). Accounting for the three days afforded for delivery by mail, Defendants' deadline to respond to the Bureau's Requests for Admission was Monday, May 8, 2017. Defendants did not seek an extension of time to respond. Defendants' response was untimely.

When confronted with the untimeliness of any forthcoming responses on May 9, 2017, "Robin Rasmussen, lead counsel for All American, responded that, by her count, time to respond would not expire until the following day." (ECF No. 159, at 2). Much to the Court's chagrin, it is not even clear that Defendants concede the untimeliness of their responses and defense counsel's responsibility for untimeliness. Defendants instead choose to argue about how the Court should hypothetically rule if it were to find their responses untimely. These are not circumstances where reasonable minds may disagree: May 8, 2017 was when Defendants' responses were due; May 10, 2017 is when they were served on the Bureau; Defendants' responses were untimely.

Whether the Bureau's Requests for Admission should remain deemed admitted[2] turns on whether Defendants should effectively be granted an after-the-fact extension of time to respond. Fed. R. Civ. P. 6(b)(1)(B). In order to receive such an extension, Defendants must demonstrate both good cause and excusable neglect. *Id.*; *Casey v. Quality Restaurants and Concepts*, No. 1:10-cv-309-NBB-DASS, 2012 WL 3261367, at *2 (N.D. Miss. Aug. 8, 2012). "Under these circumstances, part of the good cause showing generally required by this court includes an explanation for why a timely request for additional time *could not* have been made before the expiration of time." *Casey*, 2012 WL 3261367, at *2 (citing *Johnson v. Bolivar County,* 2009 WL 4855988, 3-4 (N.D. Miss. Dec. 9, 2009)).

---

[2] The Requests for Admission were automatically deemed admitted upon the expiration of the thirty day-period on May 8, 2017. Even though Defendants have not separately moved for leave to file an out-of-time response to the Requests for Admission, the Court will treat Defendants' Response in Opposition (ECF No. 159) to the Bureau's Motion as such.

14

The Court finds that the delayed response is due to the mistake of Defendants' counsel, Ms. Rasmussen. However, the Court does not find bad faith behind the delay. Rather, defense counsel has been simultaneously representing Defendant All American Check Cashing, Inc. in administrative proceedings before the Mississippi Department of Banking and Consumer Finance, and it would appear that the burden of juggling both responsibilities is the cause of this mistake.[3] The two-day delay has not prejudiced the Bureau. The Court will deem Defendants' responses to the Bureau's Requests for Admission timely filed; the Requests are not deemed admitted.

However, the Court agrees with the Bureau that Defendants' responses to Requests for Admission 4, 6-7, 14, 21-24, 27-28, 64, 67, 69-71, and 74 are all deficient. Defendants' responses to these requests evince an unwillingness to make reasonable inquiry[4] before responding and a tortured attempt to manufacture confusion[5] where none should exist. Furthermore, Defendants seem to hope that the extended qualifications and explanations provided in their Response in Opposition

---

[3] Defendants have repeatedly made reference to the burden born by their counsel in representing All American in simultaneous state and federal proceedings; however, this is the first time the burden has proven to be a reasonable excuse for failing to comply with the Bureau's discovery request. Typically, Defendants have instead invoked this burden as a basis for refusing to comply with discovery requests.

[4] *See, e.g.*, Defendants' Response to Request for Admission 4 (ECF No. 141-7, at 2), wherein Defendants fixate on the referenced document and deny the request "as written."

[5] *See, e.g.,* Defendants' Response to Request for Admission 50 (ECF No. 141-7, at 15), wherein Defendants deny the request "as written" because it references consumer "accounts." Despite the fact that All American's employees have used the term "account" in reference to how All American keeps track of consumer transactions (ECF No. 167-2), (ECF No. 167-3), Defendants maintain that they cannot definitively respond to this Request because "All American is not a bank." (ECF No. 159, at 11).

(ECF No. 159) to the Bureau's Motion (ECF No. 141) will make up for the inadequacy of their actual responses to the Bureau's Requests for Admission. They do not. The Court will not waste further time painstakingly explaining how each of these Responses to the Bureau's Requests for Admission are deficient. The Bureau's briefing (ECF No. 142), (ECF No. 167) adequately explains the deficiencies of each challenged Response. Defendants are required to provide the Bureau with responses to Requests for Admission 4, 6-7, 14, 21-24, 27-28, 64, 67, 69-71, and 74 that comport with the requirements of Rule 36.

<u>III. CONCLUSION</u>

The fact that Defendants have again forced the Court's intervention over frivolous objections suggests that Defendants have chosen not to heed the Court's prior admonition that Defendants "reconsider their approach to the instant litigation." (ECF No. 92, at 26). Should Court-intervention again be required to resolve Defendants' discovery objections, and should the Court find those objections meritless, the Court will entertain the imposition of sanctions. Such a waste of the Court's resources amounts to an abuse of the discovery process.

Accordingly, **IT IS HEREBY ORDERED** Plaintiff's Third Motion to Compel Discovery Responses (ECF No. 139) is **GRANTED** and Plaintiff's Motion to Strike Defendants' Responses to Plaintiff's Requests for Admission or, in the Alternative, to Determine the Sufficiency of Defendants' Responses (ECF No. 141) is **GRANTED IN PART** and **DENIED IN PART**. The Motion (ECF No. 141) is GRANTED to the extent that it seeks to compel adequate responses to the Bureau's Requests for

Admission 4, 6-7, 14, 21-24, 27-28, 64, 67, 69-71, and 74. It is DENIED to the extent that it seeks to have the Court find Defendants' Responses to the Bureau's Requests for Admission deemed admitted as untimely.

Because the deadline for completing discovery has since passed, the Court will grant a limited extension of the discovery period for the sole purpose of complying with the discovery responses ordered. Defendants' deadline to comply with the discovery demands here ordered is **July 21, 2017**. The deadline for filing dispositive and *Daubert*-style motions is accordingly extended to **August 4, 2017**.

**SO ORDERED AND ADJUDGED**, this the 7th day of July, 2017.

/s/ *John C. Gargiulo*

JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE