**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**CONSUMER FINANCIAL PROTECTION BUREAU**                                **PLAINTIFF**

**VS.**                                **CIVIL ACTION NO. 3:16-cv-00356-WHB-JCG**

**ALL AMERICAN CHECK CASHING, INC.;**
**MID-STATE FINANCE, INC.; and**
**MICHAEL E. GRAY, individually**                                **DEFENDANTS**

---

### NOTICE

---

The Consumer Financial Protection Bureau hereby notifies the Court and defendants of recent events relevant to defendants' claim that this case must be dismissed because the Consumer Financial Protection Act unconstitutionally permits the President to remove the Bureau Director only for cause. *See* 12 U.S.C. § 5491(c)(3). Recent events have rendered that argument moot.

On November 24, 2017, the Bureau's former Director, Richard Cordray, resigned, and President Trump designated Office of Management and Budget Director Mick Mulvaney to serve as the Bureau's Acting Director pursuant to the Federal Vacancies Reform Act, 5 U.S.C. §§ 3345-3349d. *See* The White House, Office of the Press Secretary, *Statement on President Donald J. Trump's Designation of OMB Director Mick Mulvaney as Acting Director of the Consumer Financial Protection Bureau* (Nov. 24, 2017), https://www.whitehouse.gov/the-press-office/2017/11/24/statement-president-donald-j-trumps-designation-omb-director-mick. Acting Director Mulvaney has carefully considered the Bureau's decision to bring this lawsuit and has ratified that decision. *See* Ex. 1, Declaration of Mick Mulvaney, the Acting Director of Plaintiff Consumer Financial Protection Bureau, Regarding Ratification.

In light of these events, defendants' constitutional challenge no longer applies. In his capacity as Acting Director, Mr. Mulvaney is removable by the President at will. The CFPA's removal provision by its terms applies only to "the Director," not to an Acting Director. 12 U.S.C. § 5491(c)(3). And the Vacancies Reform Act does not limit the President's ability to designate a different person as Acting Director, and thereby remove Mr. Mulvaney from that role. As the Department of Justice's Office of Legal Counsel explained, "Congress does not, by purporting to give tenure protection to a Senate-confirmed officer, afford similar protection to an individual who temporarily performs the functions and duties of that office when it is vacant." *Designating an Acting Director of the Bureau of Consumer Financial Protection*, 41 Op. O.L.C. ____, 2017 WL 6419154, Slip Op. at 10 (Nov. 25, 2017) (citing *Swan v. Clinton*, 100 F.3d 973 (D.C. Cir. 1996), which holds that an officer who may be removed only for cause is removable at will if that officer holds over beyond the officer's designated term).

Because Acting Director Mulvaney is removable at will and has ratified the decision to bring this case, Defendants cannot obtain dismissal on the ground that this case was *initially* filed by an agency led by a Director removable only for cause. Acting Director Mulvaney's ratification cured any constitutional problem with this case's initiation. Courts have consistently held that a properly constituted government agency may cure a constitutional problem with previous agency actions by ratifying prior actions that the agency took when its structure or composition was constitutionally flawed. *See Wilkes-Barre Hosp. Co, LLC v. NLRB*, 857 F.3d 364, 371 (D.C. Cir. 2017) ("Ratification can remedy defects arising from the decisions of improperly appointed officials."); *Advanced Disposal Servs. East, Inc. v. NLRB*, 820 F.3d 592, 602 (3d Cir. 2016) (concluding that ratifications by properly appointed officials were "sufficient to

cure" problem with board appointments that previously left agency without authority to act); *CFPB v. Gordon*, 819 F.3d 1179, 1192 (9th Cir. 2016) (holding that Bureau Director's "ratification, done after he was properly appointed as Director, resolves any Appointments Clause deficiencies" present at the time enforcement action was filed); *FEC v. Legi-Tech, Inc.*, 75 F.3d 704 (D.C. Cir. 1996) (holding that "FEC's post-reconstitution ratification of its prior decisions" was "an adequate remedy for" an earlier constitutional defect in the agency's structure at time enforcement action was initiated). Acting Director Mulvaney has done just that. Because Acting Director Mulvaney's ratification of the decision to bring this enforcement action remedied any constitutional problem with the initiation of this case, defendants' motion for judgment on the pleadings on that basis must be denied.

Should the Court request it, the Bureau stands ready to provide supplemental briefing on this additional ground for denying defendants' motion for judgment on the pleadings.

Dated: February 5, 2018

Respectfully submitted,

CONSUMER FINANCIAL PROTECTION BUREAU

KRISTEN DONOGHUE
Enforcement Director

CARA PETERSEN
Deputy Enforcement Director for Litigation

R. GABRIEL D. O'MALLEY
Assistant Litigation Deputy

s/Emily Mintz
EMILY MINTZ (VA Bar No. 82437)
Phone: (202) 435-9424
Email: emily.mintz@cfpb.gov
MICHAEL FAVRETTO (NY Bar No. 4508727)
Phone: (202) 435-7785
Email: michael.favretto@cfpb.gov
STEPHANIE BRENOWITZ (NY Bar No. 4317418)
Phone: (202) 435-9005
Email: stephanie.brenowitz@cfpb.gov
Enforcement Attorneys
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Facsimile: (202) 435-7722

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

s/Emily Mintz
EMILY MINTZ (VA Bar No. 82437)
Phone: (202) 435-9424
Email: emily.mintz@cfpb.gov
Enforcement Attorney
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Facsimile: (202) 435-7722