# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

## Northern Division

CONSUMER FINANCIAL PROTECTION BUREAU,

    Plaintiff,

v.

ALL AMERICAN CHECK CASHING, INC.;
MID-STATE FINANCE, INC.; and
MICHAEL E. GRAY, individually,

    Defendants.

Case No. 3:16-cv-356-WHB-JCG

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
## MOTION FOR CERTIFICATION OF QUESTIONS FOR INTERLOCUTORY APPEAL
## UNDER 28 U.S.C. § 1292(b)

Theodore B. Olson, *pro hac vice* (DC 367456)
Helgi C. Walker, *pro hac vice* (DC 454300)
Joshua S. Lipshutz, *pro hac vice* (DC 1033391)
Lochlan F. Shelfer, *pro hac vice* (DC 1029799)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 530-9575
Email: tolson@gibsondunn.com
hwalker@gibsondunn.com
jlipshutz@gibsondunn.com
lshelfer@gibsondunn.com

Dale Danks, Jr. (MS 5789)
Michael V. Cory, Jr. (MS 9868)
DANKS, MILLER & CORY
213 S. Lamar Street
P.O. Box 1759
Jackson, MS 39215-1759
Telephone: (601) 957-3101
Facsimile: (601) 957-3160
Email: ddanks@dmc-law.net

Bentley E. Conner (MS 6465)
164 E. Center Street
P.O. Box 563
Canton, MS 39046
Telephone: (601) 859-6306
Facsimile: (601) 589-6307
Email: bentleyeconner@gmail.com

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................. 1

DISCUSSION AND ANALYSIS......................................................................................... 3

I.     Interlocutory Review Standard ................................................................................ 3

II.    The Question Whether The CFPB's Structure Is Unconstitutional Should Be Certified For Interlocutory Review.......................................................................... 4

        A.     The Issue Of The Constitutionality Of The CFPB's Structure Is One Over Which Reasonable Jurists Could—And Do—Disagree ......................................... 5

        B.     The Validity Of The CFPB's Structure Is A Controlling Issue Of Law, The Resolution Of Which Would Not Just Materially Advance But Terminate This Litigation ................................................................................. 7

III.   The Fair Notice Question Should Be Certified For Interlocutory Review ......................... 9

        A.     Reasonable Jurists Could Disagree On The Resolution Of The Fair Notice Question ............................................................................................................... 10

        B.     The Fair Notice Question Is Controlling And Its Resolution Would Also Terminate This Litigation ................................................................................... 10

CONCLUSION.................................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ainsworth v. Cargotec USA, Inc.*,
   No. 2:10-cv-236-KS-MTP, 2011 WL 6291812 (S.D. Miss. Dec. 15, 2011) ............................. 3

*Cazorla v. Koch Foods of Mississippi, LLC*,
   No. 3:10CV135-DPJ-FKB, 2015 WL 3970606 (S.D. Miss. June 30, 2015) ........................... 3

*Castellanos-Contreras v. Decatur Hotels, LLC*,
   622 F.3d 393 (5th Cir. 2010) .................................................................................................. 3

*CFPB v. CashCall, Inc.*,
   No. 2:15-cv-07522-JFW-RAO, ECF No. 236 (C.D. Cal. Jan. 3, 2017) ............................. 2, 5

*CFPB v. D & D Mktg., Inc.*,
   No. CV 15-9692 PSG (EX), 2016 WL 8849698 (C.D. Cal. Nov. 17, 2016) ...................... 1, 6

*CFPB v. D & D Mktg., Inc.*,
   No. CV 15-9692 PSG (EX), 2017 WL 5974248 (C.D. Cal. Mar. 21, 2017) ...................... 2, 4

*CFPB v. Fomichev*,
   No. 17-80047, Order Granting Permission to Appeal (9th Cir. May 17, 2017) ................. 2, 4

*CFPB v. ITT Educ. Servs., Inc.*,
   219 F. Supp. 3d 878 (S.D. Ind. 2015) .................................................................................... 1

*CFPB v. Morgan Drexen, Inc.*,
   60 F. Supp. 3d 1082 (C.D. Cal. 2014) ................................................................................... 1

*Christopher v. SmithKline Beecham Corp.*,
   567 U.S. 142 (2012) ............................................................................................................... 9

*FCC v. Fox Television Stations, Inc.*,
   567 U.S. 239 (2012) ............................................................................................................... 9

*FEC v. NRA Political Victory Fund*,
   6 F.3d 821 (D.C. Cir. 1993) ............................................................................................... 7, 8

*Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*,
   561 U.S. 477 (2010) ............................................................................................................... 5

*Hood v. JPMorgan Chase & Co., & Chase Bank USA*,
   No. 3:12-CV-565-WHB, 2013 WL 12092108 (S.D. Miss. Sept. 12, 2013) ........................... 4

*Humphrey's Ex'r v. United States*,
   295 U.S. 602 (1935) ..................................................................................................5

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*,
   921 F.2d 21 (2d Cir. 1990) ................................................................................. 8, 11

*Landry v. FDIC*,
   204 F.3d 1125 (D.C. Cir. 2000) ................................................................................8

*Morrison v. Olson*,
   487 U.S. 654 (1988) ..................................................................................................5

*N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*,
   458 U.S. 50 (1982) ....................................................................................................8

*Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*,
   555 U.S. 438 (2009) ..................................................................................................4

*PHH Corp. v. CFPB*,
   839 F.3d 1 (D.C. Cir. 2016) ....................................................................................10

*PHH Corp. v. CFPB*,
   881 F.3d 75 (D.C. Cir. 2018) (en banc) ............................................... 1, 5, 6, 9, 10

*Ryder v. United States*,
   515 U.S. 177 (1995) ............................................................................................. 7, 8

*SW Gen., Inc. v. NLRB*,
   796 F.3d 67 (D.C. Cir. 2015) ....................................................................................8

*Ex parte Tokio Marine & Fire Ins. Co.*,
   322 F.2d 113 (5th Cir. 1963) ....................................................................................7

*United States v. Dawn Properties, Inc.*,
   No. 1:14CV224-LG-JCG, 2015 WL 13466028 (S.D. Miss. Nov. 18, 2015) ...........3

**Statutes**

12 U.S.C. § 5536(a)(1)(B) ............................................................................................. 2, 9

28 U.S.C. § 1292(b) ............................................................................................ 1, 2, 3, 10, 11

**Other Authorities**

*Enforcement Actions*, CFPB, https://www.consumerfinance.gov/policy-compliance/enforcement/actions/and authoritative ..................................................9

*How Will the CFPB Function Under Richard Cordray: Hearing Before the
Subcomm. on TARP, Financial Services and Bailouts of Public and Private
Programs*, 112th Cong. 112-107, at 69 (2012) .......................................................................... 10

Todd Zywicki, *The Consumer Financial Protection Bureau: Savior or Menace?*,
81 Geo. Wash. L. Rev. 856, 899 (2013) ..................................................................................... 9

U.S. Amicus Br., *PHH Corp. v. CFPB*,
No. 15-1177, 2017 WL 1035617 (D.C. Cir. Mar. 17, 2017) ............................................. 1, 6, 7

16 Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper,
*Federal Practice and Procedure* § 3931 (3d ed. 2012) .............................................................. 4

**INTRODUCTION**

All American Check Cashing, Inc., Mid-State Finance, Inc., and Michael E. Gray (collectively, "All American") respectfully move this Court to certify its March 21, 2018 Order denying All American's Motion for Judgment on the Pleadings, ECF No. 236 (the "Order"), to enable an appeal to the Fifth Circuit Court of Appeals under 28 U.S.C. § 1292(b).

The Consumer Financial Protection Bureau ("CFPB") is structured unlike any agency that has ever existed in our country. Congress headed the CFPB with one Director, aggregating sweeping legislative, executive, and judicial power into the hands of a single person who lacks any constitutional accountability: He is removable by the President only for cause and is insulated from Congress's appropriations power. The constitutionality of the CFPB's structure is a question that has divided federal judges, and even the United States agrees with All American that the CFPB's structure violates the constitutional guarantee of the separation of powers. On the one hand, Judges Henderson, Kavanaugh, and Randolph of the D.C. Circuit, Judge Gutierrez of the Central District of California, and the United States all agree that the CFPB is unconstitutionally structured. *See PHH Corp. v. CFPB*, 881 F.3d 75, 137 (D.C. Cir. 2018) (en banc) (Henderson, J., dissenting); *id.* at 164 (Kavanaugh, J., dissenting); *id.* at 200 (Randolph, J., dissenting); *CFPB v. D & D Mktg., Inc.*, No. CV 15-9692 PSG (EX), 2016 WL 8849698, at *4 (C.D. Cal. Nov. 17, 2016); U.S. Amicus Br., *PHH Corp. v. CFPB*, No. 15-1177, 2017 WL 1035617 (D.C. Cir. Mar. 17, 2017) (en banc). On the other, D.C. Circuit Judges Rogers, Tatel, Griffith, Srinivasan, Millet, Pillard, and Wilkins, together with other district judges, believe that the CFPB's structure does not violate the Constitution. *See PHH Corp.*, 881 F.3d 75 (majority); *id.* at 124 (Griffith, J., concurring in the judgment); *see also, e.g.*, *CFPB v. Morgan Drexen, Inc.*, 60 F. Supp. 3d 1082, 1089 (C.D. Cal. 2014); *CFPB v. ITT Educ. Servs., Inc.*, 219 F. Supp. 3d 878, 894 (S.D. Ind. 2015).

On March 21, 2018, this Court concluded that the CFPB's structure does not pose any constitutional problems. *See* Order at 4–5. This Court also disagreed with All American's arguments that the terms "unfair," "deceptive," and "abusive," 12 U.S.C. § 5536(a)(1)(B), coupled with the CFPB's refusal to define those terms, denies All American its constitutional right to fair notice. *See* Order at 5–8. All American now respectfully seeks review of this Court's Order in the Fifth Circuit. This Order can be certified for interlocutory appeal under 28 U.S.C. § 1292(b) because the Order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Ninth Circuit has already granted interlocutory review on the same separation-of-powers issue regarding the CFPB's structure at issue here, *CFPB v. Fomichev*, No. 17-80047, Order Granting Permission to Appeal Pursuant to 28 U.S.C. § 1292(b) (9th Cir. May 17, 2017), and two district courts in the Central District of California have certified that question, *CFPB v. D & D Mktg., Inc.*, No. CV 15-9692 PSG (EX), 2017 WL 5974248 (C.D. Cal. Mar. 21, 2017) (certifying the issue in three related cases); *CFPB v. CashCall, Inc.*, No. 2:15-cv-07522-JFW-RAO, ECF No. 236 (C.D. Cal. Jan. 3, 2017). This Court should do the same.

The Fifth Circuit has yet to address these issues, and there are reasonable grounds for seeking that court's clarity on these unsettled questions of law. Moreover, as the CFPB has acknowledged, each of these questions, if answered in All American's favor, is independently "dispositive" and will terminate this litigation. ECF No. 151, at 4.

Therefore, All American respectfully seeks leave to file an interlocutory appeal to the Fifth Circuit to allow that court to weigh in on these questions, over which, at the very least, reasonable judges can—and have—disagreed. Given the time, effort, and cost of litigating cases such as this—both for the Court and the parties—answering these controlling and important questions of

law would not just materially advance but terminate the litigation. Whatever one thinks of the ultimate merits of these issues, All American deserves prompt review of them in the Fifth Circuit.

## DISCUSSION AND ANALYSIS

I.  **Interlocutory Review Standard**

Interlocutory review is appropriate where (1) an "order involves a controlling question of law," (2) "there is substantial ground for difference of opinion," and (3) "immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The third requirement that "an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law," *Cazorla v. Koch Foods of Mississippi, LLC*, No. 3:10CV135-DPJ-FKB, 2015 WL 3970606, at *3 (S.D. Miss. June 30, 2015), and thus they are often considered together.

The requirement that there be "substantial ground for difference of opinion" is satisfied by a "question about which reasonable jurists can debate." *United States v. Dawn Properties, Inc.*, No. 1:14CV224-LG-JCG, 2015 WL 13466028, at *2 (S.D. Miss. Nov. 18, 2015) (quoting *Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 399 (5th Cir. 2010)); *see Ainsworth v. Cargotec USA, Inc.*, No. 2:10-cv-236-KS-MTP, 2011 WL 6291812, at *4 (S.D. Miss. Dec. 15, 2011) (same). Moreover, "[t]he level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case." *Cazorla*, 2015 WL 3970606, at *3.

As for the first and third requirements, a question of law is "controlling" and would materially advance the litigation if, for instance, it involves a question of "constitutional" law, the resolution of which "dictates the outcome" of the case, or if the question's "incorrect disposition would require reversal of a final judgment . . . for dismissal that might have been ordered without

3

the ensuing district court proceedings." *Hood v. JPMorgan Chase & Co., & Chase Bank USA*, No. 3:12-CV-565-WHB, 2013 WL 12092108, at *2 (S.D. Miss. Sept. 12, 2013) (Barbour, J.).

Courts of appeals commonly hear purely legal questions under Section 1292(b) on interlocutory appeal from the denial of a motion for judgment on the pleadings. *See, e.g.*, *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 445 (2009) (reviewing on a Section 1292(b) interlocutory appeal a decision denying a motion for judgment on the pleadings). As the Wright & Miller treatise puts it, "[p]lainly dispositive questions going to the merits of the case may be raised by motions . . . for judgment on the pleadings" and are appropriate for interlocutory review. 16 Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure* § 3931, at 526 (3d ed. 2012).

Certification for interlocutory appeal is appropriate here because the standards under Section 1292(b) are met—there are substantial grounds for a difference of opinion regarding two unsettled yet controlling questions of law that would dispose of this case.

## II. The Question Whether The CFPB's Structure Is Unconstitutional Should Be Certified For Interlocutory Review.

The constitutionality of the CFPB's structure has been a live issue with vigorous debate on both sides since the agency was first created. Though this Court's conclusion is consistent with that reached by a number of federal judges, it also conflicts with the views of other federal judges and with the position of United States itself. Moreover, it is a threshold, case-dispositive issue that will completely terminate this litigation if decided in All American's favor. It is thus particularly appropriate for interlocutory appeal.

Indeed, the Ninth Circuit has already granted interlocutory review in this very question under Section 1292(b), *CFPB v. D&D Mktg., Inc.*, No. 17-80047, Order Granting Permission to Appeal Pursuant to 28 U.S.C. § 1292(b) (9th Cir. May 17, 2017), and two district courts have

4

certified it, *CFPB v. D & D Mktg., Inc.*, No. CV 15-9692 PSG (EX), 2017 WL 5974248 (C.D. Cal. Mar. 21, 2017) (certifying the issue in three related cases); *CFPB v. CashCall, Inc.*, No. 2:15-cv-07522-JFW-RAO, ECF No. 236 (C.D. Cal. Jan. 3, 2017). This demonstrates that the question at issue here more than meets the standard for interlocutory appeal.

> A. **The Issue Of The Constitutionality Of The CFPB's Structure Is One Over Which Reasonable Jurists Could—And Do—Disagree.**

First, there is substantial disagreement on the issue of the constitutionality of the CFPB's structure. As a general rule, the Constitution forbids Congress from limiting the President's ability to hold executive officers accountable by removing them from office. *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 483 (2010). Thus, an agency headed by a Director who may not be removed at will by the President is presumptively unconstitutional. *See id.* To be sure, "under certain circumstances" Congress may "create independent agencies run by principal officers appointed by the President, whom the President may not remove at will but only for good cause." *Id.* For example, the Supreme Court has upheld independent, multi-member commissions like the Federal Trade Commission ("FTC"). *See Humphrey's Ex'r v. United States*, 295 U.S. 602, 624 (1935). The Court has also upheld limits on the President's control over inferior officers with limited tenure and narrow power. *See Morrison v. Olson*, 487 U.S. 654, 671–73, 695–97 (1988).

As three members of the D.C. Circuit recognized in *PHH*, however, the CFPB presents a new problem: an agency that concentrates "massive, unchecked power in a single Director." *PHH Corp. v. CFPB*, 881 F.3d 75, 172 (D.C. Cir. 2018) (en banc) (Kavanaugh, J., dissenting). It "is an agency like no other," headed by a Director with "immense power to define elastic concepts of unfairness, deception and abuse." *Id.* at 137–38 (Henderson, J., dissenting). But the Director has no "significant check by the President or the Congress" since Dodd-Frank "prohibits the President

5

from removing him except for cause" and funds the agency "outside the ordinary appropriations process," meaning that the CPFB is freed "from a powerful means of Presidential oversight and the Congress's most effective means short of restructuring the agency." *Id.* at 138. And, since the Director serves a five-year term, "a President may be stuck for years—or even for his or her entire four-year term—with a single Director who was appointed by a prior President and who has different policy views." *Id.* at 189 (Kavanaugh, J., dissenting). These judges stressed that the Director's unaccountability is particularly concerning because he may unilaterally decide "how to enforce, when to enforce, and against whom to enforce the law" and "what sanctions and penalties to impose." *Id*. at 165. "[T]he Director is unique among the principal officers of independent agencies in that he exercises vast executive power unilaterally: as a board of one, he need not deliberate with anyone before acting." *Id.* at 138 (Henderson, J., dissenting). For all of these reasons and more, three members of the D.C. Circuit, applying Supreme Court precedent, concluded that the Bureau's structure is unconstitutional. A district court has reached the same conclusion. *See CFPB v. D & D Mktg, Inc.*, No. CV 15-9692 PSG (EX), 2016 WL 8849698, at *4 (C.D. Cal. Nov. 17, 2016).

Even the United States has agreed that the CFPB is unconstitutional as presently structured. *See* U.S. Amicus Br., *PHH Corp. v. CFPB*, No. 15-1177, 2017 WL 1035617 (D.C. Cir. Mar. 17, 2017) (en banc). "Vesting such power in a single person not answerable to the President constitutes a stark departure from [the Constitution's] framework." *Id.* at *15. "[S]ingle-headed agencies" like the CFPB "are meaningfully different from the type of multi-member regulatory commission addressed in *Humphrey's Executor*." *Id.* at *2. And the "exception recognized in *Humphrey's Executor*" for multi-member commissions is the "only . . . restriction with respect to principal officers who head agencies" that "the Supreme Court has upheld." *Id.* at *8. This "exception does

not apply to the CFPB's Director, and it should not be so extended." *Id.* The United States concluded that "a removal restriction for the Director of the CFPB is an unwarranted limitation on the President's executive power" and that "the exception established by the Supreme Court in *Humphrey's Executor*" should not be extended "to undermine the general constitutional rule that the President may remove principal officers at will." *Id.* at *19.

Thus, this Court has taken a position on this question that is in line with the conclusions of some federal judges, but which conflicts with the perspective of other federal judges and of the United States itself. Whatever one's ultimate view, the question of the CFPB's constitutionality is one about which reasonable jurists disagree.

### B. The Validity Of The CFPB's Structure Is A Controlling Issue Of Law, The Resolution Of Which Would Not Just Materially Advance But Terminate This Litigation.

The issue of the CFPB's unconstitutionality is controlling and would materially advance the litigation. In fact, a ruling by the Fifth Circuit on the separation-of-powers issue in All American's favor "would not only 'materially advance' the ultimate disposition of 'the litigation,' it would terminate it altogether." *Ex parte Tokio Marine & Fire Ins. Co.*, 322 F.2d 113 (5th Cir. 1963). Indeed, the CFPB has already admitted outright that All American's motion "raises four distinct *dispositive issues*." ECF No. 151, at 4 (emphasis added). This question is a threshold issue, and its resolution will thus hasten the termination of this litigation.

If the Fifth Circuit agrees with All American that the CFPB's structure "violates the Constitution," then the agency "lacks authority to bring [an] enforcement action." *See FEC v. NRA Political Victory Fund*, 6 F.3d 821, 822 (D.C. Cir. 1993). This case is just such an action, and when parties "raise [a] constitutional challenge as a defense to an enforcement action," there is "no theory that would permit [a court] to declare the [agency's] structure unconstitutional without providing relief to [the regulated party]." *Id.* at 828. In *Ryder v. United States*, 515 U.S. 177

7

(1995), the Supreme Court concluded that a decision of an appellate military tribunal was invalid because two of three judges were serving in violation of the Appointments Clause. *Id*. at 179.  The Supreme Court held that "one who makes a timely challenge to the constitutional validity of" a government official's authority "is entitled to a decision on the merits of the question and whatever relief may be appropriate." *Id.* at 182–83.  The Supreme Court further noted that, in an earlier case, it had struck down a statute granting authority to bankruptcy judges as unconstitutional, and that "in doing so, [the Court] affirmed" the district court's "dismiss[al]" of the action because the court lacked authority.  *Id*. at 184 n.3 (citing *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982)).

Similarly, because the CFPB is unconstitutionally structured, this enforcement action is *ultra vires*, void, and must be dismissed.  The D.C. Circuit has emphasized that "'[i]ssues of separation of powers' are structural errors" that require "automatic reversal." *SW Gen., Inc. v. NLRB*, 796 F.3d 67, 79 (D.C. Cir. 2015) (quoting *Landry v. FDIC*, 204 F.3d 1125, 1131 (D.C. Cir. 2000)), *aff'd*, 137 S. Ct. 929 (2017).  Unconstitutional statutes "have some impact" on how the unconstitutionally structured entity "decides matters before it," and a plaintiff "need not show that" a particular entity "would have acted differently if it were constitutionally composed." *NRA Political Victory Fund*, 6 F.3d at 825.  All American made a "timely challenge to the constitutional validity" of the CFPB's authority, and thus if it prevails on that challenge it is entitled to dismissal of this enforcement action.  *Ryder*, 515 U.S. at 182–84 & n.3.  Because a ruling in its favor will end the litigation, the question is plainly controlling and will materially advance the litigation.

Moreover, a ruling for All American by the Fifth Circuit would provide "precedential value for a large number of other suits." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990).  There is little

8

question that the numerous constitutional issues implicated by the CFPB, its organic statute, and its enforcement actions are hotly contested, yet with little guiding precedent addressing an entity that is certainly "unique among independent agencies." *PHH Corp.*, 881 F.3d at 172–73 (Kavanaugh, J., dissenting); *id.* at 138 (Henderson, J., dissenting) ("the Director is unique among the principal officers of independent agencies"); Todd Zywicki, *The Consumer Financial Protection Bureau: Savior or Menace?*, 81 Geo. Wash. L. Rev. 856, 899 (2013) ("[T]he CFPB . . . appears to be unique in recent American history."). The CFPB is prosecuting numerous active enforcement actions in federal district courts across the country, *see Enforcement Actions*, CFPB, https://www.consumerfinance.gov/policy-compliance/enforcement/actions (last visited Mar. 24, 2018), and rulings on these important constitutional issues could bring substantial value both to All American and other parties targeted by the CFPB.

### III. The Fair Notice Question Should Be Certified For Interlocutory Review.

All American's argument that the Consumer Financial Protection Act ("CFPA") violates due process and fair notice also meets the standard for interlocutory review. As All American argued, the CFPB's complaint against All American is deficient because it deprives All American of its constitutional right to fair notice. The CFPB asserts that All American has engaged in "unfair," "deceptive," and "abusive" acts. *See* 12 U.S.C. § 5536(a)(1)(B). But these terms fail to provide fair notice of prohibited conduct. *See FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012). Worse, the CFPB has not even tried to provide clarity by interpreting these words in regulations, despite Congress's express intent that the agency do so. This agency silence also violates All American's right to fair notice. *See Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 155–59 (2012). This question should be certified by this Court.

9

A.   **Reasonable Jurists Could Disagree On The Resolution Of The Fair Notice Question.**

There is a substantial ground for difference of opinion over this question of law. First, the CFPB's enforcement of other provisions of the CFPA has already been held to deprive a party of due process and fair notice. *PHH Corp. v. CFPB*, 839 F.3d 1, 48 (D.C. Cir. 2016), *reinstated in relevant part*, 881 F.3d 75 (D.C. Cir. 2018) (en banc). And the CFPB's prior Director, under whose authority this action was brought, has publicly admitted that terms such as "abusive" (at issue here) are a "puzzle" to be sorted out on the fly without prior guidance to entities targeted by enforcement. *How Will the CFPB Function Under Richard Cordray: Hearing Before the Subcomm. on TARP, Financial Services and Bailouts of Public and Private Programs*, 112th Cong. 112-107, at 69 (2012); *see PHH Corp.*, 881 F.3d at 137–38 (Henderson, J., dissenting) (describing the "concepts of unfairness, deception and abuse" as "elastic"). This Court's own Order presumes that regulated entities are required to foresee that they could violate this vague federal law even when complying with state law that regulated the same activity. *See* Order at 10. There is, at a bare minimum, room for reasonable debate as to whether All American "did not have fair notice of the CFPB's interpretation . . . at the time [All American allegedly] engaged in the conduct at issue here." *PHH Corp.*, 839 F.3d at 48 (panel).

B.   **The Fair Notice Question Is Controlling And Its Resolution Would Also Terminate This Litigation.**

For the same reasons as those given for the separation-of-powers issue above, the fair-notice question is also a "controlling question of law," that would "materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b), because it is case-dispositive, and its resolution in All American's favor would terminate this enforcement action. *See* ECF No. 151 at 4 ("dispositive"). And, because countless entities are subject to the CFPA's vague language, a ruling for All

10

American by the Fifth Circuit on this ground would provide "precedential value for a large number of other suits." *Klinghoffer*, 921 F.2d at 24.

## CONCLUSION

For the foregoing reasons, All American respectfully moves this Court to certify its March 21, 2018 Order denying All American's Motion for Judgment on the Pleadings, ECF No. 236, for interlocutory appeal to the Fifth Circuit under 28 U.S.C. § 1292(b).

Dated:  March 26, 2018

/s/ Helgi C. Walker
Theodore B. Olson, *pro hac vice* (DC 367456)
Helgi C. Walker, *pro hac vice* (DC 454300)
Joshua S. Lipshutz, *pro hac vice* (DC 1033391)
Lochlan F. Shelfer, *pro hac vice* (DC 1029799)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone:  (202) 955-8500
Facsimile:  (202) 530-9575
Email:  tolson@gibsondunn.com
hwalker@gibsondunn.com
jlipshutz@gibsondunn.com
lshelfer@gibsondunn.com

Respectfully submitted,

/s/   Michael V. Cory, Jr.
Michael V. Cory, Jr. (MS 9868)
Dale Danks, Jr. (MS 5789)
DANKS, MILLER & CORY
213 S. Lamar Street, P.O. Box 1759
Jackson, MS  39215-1759
Telephone:  (601) 957-3101
Facsimile:  (601) 957-3160
Email: ddanks@dmc-law.net

Bentley E. Conner (MS 6465)
164 E. Center Street, P.O. Box 563
Canton, MS  39046
Telephone:  (601) 859-6306
Facsimile:  (601) 589-6307
Email:  bentleyeconner@gmail.com

*Counsel for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a copy of the foregoing was served via the Court's ECF system on the following counsel of record on March 26, 2018:

    Christopher Deal
    Lawrence DeMille-Wagman
      *Senior Litigation Counsel*
    Emily Mintz
    Michael Favretto
    Stephanie Brenowitz
      *Enforcement Attorneys*
    Consumer Financial Protection Bureau
    1700 G St. NW
    Washington, D.C. 20522
    christopher.deal@cfpb.gov
    lawrence.wagman@cfpb.gov
    emily.mintz@cfpb.gov
    michael.favretto@cfpb.gov
    stephanie.brenowitch@cfpb.gov
    daniel.abraham@cfpb.gov

                              <u>/s/   Michael V. Cory, Jr.</u>