```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                  NORTHERN DIVISION
```

**CONSUMER FINANCIAL PROTECTION BUREAU**                                   **PLAINTIFF**

**VS.**                                  **CIVIL ACTION NO. 3:16-cv-356-WHB-JCG**

**ALL AMERICAN CHECK CASHING, INC.;**
**MID-STATE FINANCE, INC.; and**
**MICHAEL E. GRAY, Individually**                                          **DEFENDANTS**

### ORDER

On March 21, 2018, the Court entered an Opinion and Order by which the Motion of Defendants for Judgment on the Pleadings was denied. Defendants have now moved for an Order certifying the following two questions for interlocutory appeal.

> (1) Does the structure of the Consumer Financial Protection Bureau ("CFPB") violate Article II of the Constitution and the Constitution's separation of powers?

> (2) Do principles of fair notice and due process prevent the CFPB from enforcing the Consumer Financial Protection Act's prohibition against "unfair," "deceptive," and "abusive" acts, 12 U.S.C. § 5536(a)(1)(B), without defining those terms?

Interlocutory appeals are governed by 28 U.S.C. § 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may

> thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

As regards the question of whether the structure of the Consumer Financial Protection Bureau violates Article II of the Constitution and the separation of powers set forth therein, the Court finds the grounds for granting an interlocutory appeal are satisfied. First, whether the structure of the CFPB is unconstitutional based on its single-director status presents a controlling question of law that has not yet been decided by the United States Court of Appeals for the Fifth Circuit. Second, there is substantial ground for difference of opinion as to this issue as exhibited by the differences of opinion amongst the jurists in the United States Court of Appeals for the District of Columbia who have considered the issue. See PHH Corp. v. CFPB, 839 F.3d 1 (D.C. Cir. 2017)(holding the CFPB was unconstitutionally structured)(opinion by J. Kavanagh, with separate concurring opinion by J. Randolph, and separate concurring in part, and dissenting in part opinion by J. Henderson); rev'd en banc, 881 F.3d 75 (D.C. Cir. 2018)(holding that the statutory provision by which the Director of the CFPB could be removed by the President only for cause was constitutional)(opinion and occurring opinions by Judges Pillard, Tatel, Millett, Wilkins, and Rogers; opinion

2

concurring with judgment by J. Griffith; dissenting opinions by Judges Henderson, Kavanaugh, and Randolph).  Third, the immediate appeal of this question will materially advance the ultimate termination of the litigation because the case would not be able to proceed in the event the CFPB is not a constitutionally authorized entity.  A decision that the case cannot proceed at this time would avoid the anticipated two week jury trial, which, in turn, would prevent the parties' incurring addition litigation expenses and would prevent the expenditure of judicial resources.

As regards the question of whether the principles of fair notice and due process prevent the CFPB from enforcing the Consumer Financial Protection Act's prohibition against "unfair," "deceptive," and "abusive" acts without defining those terms, the Court finds the grounds for granting an interlocutory appeal have not been satisfied because there is no substantial ground for difference of opinion as to whether the terms "unfair," "deceptive," and/or "abusive" have been adequately defined by other federal statutes from which Congress borrowed when enacting the Consumer Financial Protection Act.

For these reasons:

IT IS THEREFORE ORDERED that the Motion of Defendants for Certification of Questions for Interlocutory Appeal [Docket No. 238] is hereby granted only as to the following question:

(1) Does the structure of the Consumer Financial

Protection Bureau ("CFPB") violate Article II of the Constitution and the Constitution's separation of powers?

IT IS FURTHER ORDERED that the Clerk of Court is directed to stay all proceedings in this case pending decision by the United States Court of Appeals for the Fifth Circuit as to whether it will consider the question herein certified, or until the interlocutory appeal is concluded, whichever is later.

SO ORDERED this the 27th day of March, 2018.

s/ William H. Barbour,
UNITED STATES DISTRICT JUDGE